## 19236.   COTHREN *v.* THE STATE.

BROYLES, C. J.   1. While a witness for the State in a criminal case is being cross-examined by counsel for the defendant, it is not error for the judge to refuse to allow such counsel to introduce a record showing an entry of a plea of guilty by the witness to an indictment charging a misdemeanor. The evidence should have been tendered at the proper time,—after the State had closed or rested its case.

2. Grounds 2 and 3 of the amendment to the motion for a new trial are not complete and understandable within themselves. Nor do those grounds show the expression of an opinion on the part of the court as to what had, or had not, been proved in the case, within the meaning of section 1058 of the Penal Code of 1910. See, in this connection, *Hatcher* v. *State*, 8 *Ga. App.* 673 (2) (70 S. E. 43).

3. The indictment contained three counts,—the first for making whisky, the second for attempting to make it, and the third for possessing whisky. After all the evidence was in, the judge charged the jury that the second count of the indictment was not supported by the evidence and that they should consider the first and third counts only. This charge was not error for any reason assigned. It was distinctly beneficial to the accused. *Downing* v. *State*, 66 *Ga.* 160 (5).

4. In the light of the facts of the case and the charge as a whole, the other excerpts from the charge, complained of, show no cause for a reversal of the judgment.

5. The verdict was authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1928.

694

*Homer L. Causey,* for plaintiff in error.
*A. B. Spence, solicitor-general, T. R. Gress,* contra.