DUDLEY *v.* THE STATE.

874

No. 8311. JUNE 11, 1931.

*H. C. Cox* and *C. W. Peebles,* for plaintiff in error.

*George M. Napier, attorney-general, Henry H. West, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

BECK, P. J.   Eugene Dudley, alias Luke Dudley, was tried under an indictment charging him with the murder of Jesse Williams. The jury returned a verdict of guilty, without a recommendation. The defendant made a motion for a new trial, which was overruled, and he excepted. The original motion for new trial contains the usual general grounds. By amendment two additional grounds were added.

■  Upon the trial of the case, when a witness for the State, W. T. Brown, who was coroner of Walton County, was on the stand, he was allowed, over objection, to testify to an alleged confession by the accused. The questions and answers here follow: Q. "You talked with this defendant about this case?" A. "Yes, sir." Q. "Did he make any statement to you?" A. "Yes, sir." Q. "Was it free and voluntary?" A. "Yes, sir." Q. "Did you offer him any reward or any inducement or threaten him?" A. "No, sir." Q. "Tell the conversation." A. "After the inquest here Monday, I went down by there and I told him—I says, 'They have done put that whole thing on you.' He says to me, 'I didn't do it.' I says, 'You better get busy then; they are putting the whole thing on you.' He asked me where was Mr. Powell. I says, 'Do you want to see Mr. Powell?' He says, 'Yes, I do. I want to see you and Mr. Powell both;' says, 'Need some help,' and he asked me could I help him, and I told him I didn't know, I was willing to do anything in the world in the right, but I wouldn't do nothing for him in the wrong." Q. "He said he needed some help?" A. "He just asked me, said he wanted to see me and Mr. Powell both; he saw he was going to have to bear the whole load on himself, and if he was to tell a lie, and says he done it, he asked me could I help him then, and I told him no I could not. I says, 'You know whether you killed him or not.' I says, 'If you didn't kill him, don't tell me nor anybody.'" The Court: "Go

ahead." A. "That was about all that was said; that was all except about the gun. I says, 'If you want to tell me you can, and if you don't you need not.' I says, 'Nobody can help you telling a story.' I says, 'If you killed him, say so. If you killed him, you know it; and if you didn't, you know it.' I says, 'Don't tell me nor anybody you killed him if you didn't.' I says, 'You can get no help that way.' He says he wanted to see me and Mr. Powell both; and in just a few minutes I walked off from him. I says, 'I will get some of the jurymen to tell Mr. Powell.'"

The movant, when this evidence was offered, urged the following objection: "That testimony was inadmissible, for the reason that the statements made by the defendant were not freely and voluntarily made, but were made by defendant to the witness after inducements of reward or the hope thereof had been held out to him; the witness testifying that he would help the defendant if he would tell the truth, but he would not help him if he told a lie." The court overruled this objection, and error is assigned upon that ruling. The court properly admitted this evidence. There was a sufficient preliminary showing made by the State to render the answers of the witness admissible, and it was for the jury to say finally whether or not it was freely and voluntarily made; and there is no exception to the charge of the court upon this question.

■ The following testimony of the witness last referred to was admitted by the court for consideration of the jury, over objection made by defendant's counsel. Q. "Going back to this first conversation with you and Powell, did he give you any reason why he killed this boy?" Mr. Cox: "I object; he has never said he killed him." The Court: "Did the boy ever say he killed him?" Witness: "Yes, sir." The Court: "Relate the conversation, word for word, as near as you can recollect it, that you had with this defendant, the first conversation that you had with him; and don't leave out anything." A. "He told me before he had seen Mr. Powell that he wanted to get Mr. Powell up there. I told him I would get Mr. Powell word, if he wanted me to, by some of the jurors here that lived down there, and I got him word, or sent him word. I don't know whether he got the word then or not; but the next morning I went down there and told Mr. Powell, but he had told me where this old piece of gun was that morning." Q. "Who told you?" A. "Luke." The Court: "Tell exactly what he

said; use his language." A. "He told me he wanted to see Mr. Powell Adcock. Luke told me. I sent him word that evening. I didn't know whether he got it or not. I says, 'I will see you again in the morning.' I asked him then about the gun, what did he do with it. Then he told me he shot him, and I asked him for what, and he said he had been mistreated by him; said when he moved his things up there, moved a whole lot of stuff, and when the dead negro ran him off he would not let him have nothing but an old bed-tick, and had been mistreated by him, and got to deviling him, and he shot him." This testimony was objected to upon the ground that "the questions were leading, the solicitor putting the answer to the questions in the mouth of the witness; that the statements made by the defendant were not freely and voluntarily made, but were made by the defendant to the witness after inducements of reward or the hope thereof had been held out to him; the witness testifying that he would help the defendant if he would tell the truth, but he would not help him if he told a lie."

The court did not err in overruling these objections. The questions of the solicitor-general which were leading merely brought out matters preliminary to the material evidence bearing upon the question of the guilt of the defendant. The witness was but asked if he talked with the defendant, and did the latter make any statement to him, and was this freely and voluntarily made, and whether any offer of reward or any inducement had been offered to defendant to make the statement the substance of which the witness was about to relate; and then the solicitor-general requested him to relate the conversation between the witness and the defendant. There is nothing objectionable in the manner of examination. Nor should the evidence have been excluded on the ground that the statements made by the defendant were not made freely and voluntarily.

■ The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*