282

### 34004.   JAMES v. THE STATE.

CARLISLE, J.   1.   " 'A confession is a voluntary statement made by a person charged with the commission of a crime wherein he acknowledges himself to be guilty of the offense charged.' *Owens* v. *State*, 120 *Ga.* 296 (2) (48 S. E. 21). This definition of a confession implies an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt, a confession. There is a difference between an incriminating statement and a confession of guilt. In an incriminating statement only one or more, but not all, of the facts entering into the criminal act is admitted, while in a confession the entire criminal act is confessed; that is, every essential element necessary to establish the crime with which the defendant is charged is admitted. *Clarke* v. *State*, 165 Ga. 326, 331 (140 S. E. 889). . . 'An admission of the main fact from which the essential elements of the criminal act may be inferred amounts to an admission of the crime itself' (*Owens* v. *State*, supra), as 'where there is evidence showing that the defendant admitted the homicide [manufacture of whisky] of which he is accused, and he states in connection therewith no facts or circumstances of excuse or justification, or gives reasons which are insufficient to furnish any legal excuse or justification, the statement amounts to a confession of guilt. . . .' *Pressley* v. *State*, 201 *Ga.* 267, 271 (39 S. E. 2d, 478)." *Brown* v. *State*, 83 *Ga. App.* 650, 651 (64 S. E. 2d, 313).

2.   "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." Code, § 38-411.

3.   Where, over objection, evidence is introduced that the defendant made certain incriminating admissions and also admitted the manufacture of whisky in a dry county without stating any facts or circumstances sufficient to furnish a legal excuse or justification, it was necessary that it be shown that such of those statements as amounted to a confession of guilt, under an application of the principles stated in division 1, be shown, as required by Code § 38-411, to have been made freely and voluntarily; but where the circumstances attendant upon the defendant's making of the statements are shown and the witnesses for the State, to whom the statements were made, testify that they did not offer the defendant any reward or induce the statements by fear, such evidence is prima facie admissible (*Bradberry* v. *State*, 170 *Ga.* 859 (4), 154 S. E. 351; *Dudley* v. *State*, 172 *Ga.* 873, 159 S. E. 264); and where the defendant does not, on cross-examination or otherwise, show that the defendant's statements were not freely and voluntarily made, the trial court does not err in refusing to exclude such evidence from the jury's consideration. *Eberhart* v. *State*, 47 *Ga.* 598; *Hinson* v. *State*, 152 *Ga.* 243 (109 S. E. 661); *Cantrell* v. *State*, 141 *Ga.* 98 (80 S. E. 649), and cases cited. Special grounds 1 and 2 of the motion for a new trial are not meritorious.

4.   Where, in a case in which the defendant is charged with the illegal manufacture of whisky in a dry county, there is evidence that the

defendant admitted "he wasn't able to do any manual labor and was making a little whisky," the court's charge that, "A statement which admits the commission of the act or participation therein but shows excuse, justification or mitigation, is not a confession and is not to be considered by the jury as a confession," is not calculated to mislead or confuse any jury into believing that the defendant's admission that he was manufacturing whisky in a dry county was not a confession simply because his inability to do manual labor constituted excuse, justification, or mitigation. The court was referring to *legal* excuse, *legal* justification, and *legal* mitigation as the jury well knew. It occurs to no one that inability to do manual labor constitutes excuse, mitigation, or justification for the commission of crime; and such charge did not in any way nullify the court's charge on the necessity of the State's showing that any confessions were freely and voluntarily made. Special ground 2 is not meritorious.

5. When the charge is viewed as a whole, the error assigned in special ground 4, that the court erred in failing to charge that "the corpus delicti as alleged in the indictment must be proved beyond a reasonable doubt," is without merit. The court several times in its charge instructed the jury that the burden was on the State to prove the defendant's guilt beyond a reasonable doubt, which necessarily included proof of the corpus delicti.

6. The jury was authorized to find that the defendant was seen at the whisky still at a time when it was in operation and several gallons of whisky had been made, that he fled upon the approach of the officers, and that he later admitted manufacture of whisky at that still by him, and the verdict was, therefore, authorized by the evidence.

For the reasons stated in the foregoing divisions of the opinion, the trial court did not err in overruling the motion for a new trial, based upon the usual general grounds and four special grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 11, 1952.

A. M. Zellner, Hugh Sosebee, for plaintiff in error.
Wm. M. West, Solicitor-General, Chas. F. Adams, contra.