## 39130. GOSSETT v. THE STATE.

JORDAN, Judge. Franklin Gossett under an indictment charging him with the offense of murder with an automobile was tried and convicted in the Superior Court of Bibb County for the offense of involuntary manslaughter in the commission of an unlawful act. The trial court denied his amended motion for new trial and he excepted to that judgment. *Held:*

1. "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." *Code* § 38-411. "Before an alleged confession or incriminatory statement can properly be admitted in evidence, there must be a prima facie showing made by the State or elicited by the court that it was freely and voluntarily made, without hope of reward or fear of punishment. If such preliminary proof fails to meet the requirements of the statute, it is the duty of the court to exclude the confession from evidence. Where such proper preliminary proof has been made, the confession or incriminatory statement becomes admissible; but the defendant is privileged to attack such showing by proof that the confession or incriminatory statement was not voluntary or was made with hope of benefit or fear of injury. In that event, the question as to the voluntary character of the confession becomes one for the jury." *Bryant v. State,* 191 Ga. 686 (1) (13 SE2d 820). "The Code does not undertake to specify to whom it [confession or incriminatory statement] must have been made, in order to render it admissible against the accused, or under what circumstances. The test is, was it freely and voluntarily made? This seems to be the exclusive test that runs through all of the decisions we have examined on the subject." *Russell v. State,* 196 Ga. 275, 283 (26 SE2d 528). The State in the instant case made a prima facie showing as to the voluntary character of certain incriminatory admissions made by the defendant which were put in evidence.

The fact that the State did not show that the defendant prior to making said statements had been apprised by the interrogating officers of the nature of the investigation and its possible consequences and the full facts and circumstances surrounding the homicide did not affect the admissibility or voluntary character of the statements made by the defendant. These were circumstances to be taken into consideration by the jury in weighing the admissions under the provisions of *Code* § 38-420. See generally, 18 LRA (NS) 768, 788; 50 LRS (NS) 1077, 1082; 20 Am. Jur. 434, 435, Evidence, §§ 502, 505.

Special grounds 1 and 4 of the amended motion for new trial which attack the admissibility of evidence relating to certain incriminatory admissions attributed to the defendant on the above grounds are without merit.

2. The trial court did not err in admitting into evidence testimony relating to certain tire marks and tracks made by the defendant's automobile as it was driven away from the scene of the first collision (which occurred only minutes prior to the second collision) and testimony relating to the odor of alcohol being detected in the defendant's automobile after the second collision. These were proper circumstances for the jury to consider under the facts of this case in determining the guilt or innocence of the accused. *Cavender v. State,* 46 Ga. App. 782 (1) (169 SE 253). Special grounds 2 and 3 are therefore without merit.

3. The solicitor-general in the course of an objection by him to a question propounded to a witness for the defendant on direct examination made the statement: "Gossett [the defendant] will have the opportunity to make his [unsworn] statement." The trial judge on motion of the defendant's counsel ruled out this statement and in the presence of the jury stated, "Whether or not the defendant makes a statement is up to the defendant or the defense counsel, and the court will so instruct them at the proper time." The defendant subsequently made an unsworn statement to the jury in his behalf and the court charged the jury upon the applicable principles relating thereto. Under these circumstances the trial court did not err as contended in special ground 5 in denying the defendant's motion for mistrial made after the court had ruled out the solicitor's remarks on motion of the

defendant. See *Thornton v. State,* 190 Ga. 783 (10 SE2d 746); *Parks v. State,* 208 Ga. 508 (67 SE2d 716).

4. The evidence in this case discloses that a few minutes prior to the collision which resulted in the homicide the defendant's automobile collided with another vehicle. It was the contention of the defendant that he was in a dazed condition as a result of the injuries sustained in the first collision and that he could remember nothing of the second collision. In his unsworn statement to the jury he stated that he did not know if he were driving his automobile at the time of the second collision *but that if he were driving he had no intention of killing the decedent.* Under this phase of the defendant's statement the trial judge was authorized to charge the jury that it was contended by the defendant that the decedent died as a result of misfortune or accident and to charge the provisions of *Code* § 26-404 relating thereto. The trial court did not err in overruling special ground 6 of the amended motion which contended that neither the evidence nor the defendant's statement justified the giving of said charge. The case of *Floyd v. State,* 182 Ga. 549 (186 SE 556), relied upon by the defendant, is clearly distinguishable from the instant case.

5. It is strongly contended that the State failed in its proof that the defendant was driving his vehicle at the time of the second collision and that the position of the defendant and his companion immediately after the accident indicated that the companion was driving at such time. A careful study of the record leads us to the conclusion that there were ample facts and circumstances from which the jury could find that the defendant was driving the vehicle at the time of the second accident. The verdict being supported by sufficient evidence, the trial court did not err in denying the amended motion for new trial on the general grounds.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED DECEMBER 4, 1961.

*Elliott & Davis, Joseph H. Davis,* for plaintiff in error.
*William M. West, Solicitor-General, Jack J. Gautier, Assistant Solicitor-General,* contra.