## 47076. BOORSTINE v. THE STATE.

EBERHARDT, Presiding Judge. From a conviction for receiving stolen goods defendant appeals enumerating as errors (1) failure to give the Miranda warning when a deputy sheriff went to defendant's place of business (a pawn shop) to ascertain whether the merchandise (five watches and seven rings) might be there, (2) permitting a State's witness to testify, over objection, that he had been to defendant's place on a previous occasion with an un-

known man to sell a tape recorder, (3) permitting a State's witness to testify, over objection, that on a previous occasion defendant had purchased some stolen Masonic rings, (4) refusing to allow testimony on behalf of the defendant that most of his customers were low income people who generally pawn merchandise with price tags remaining thereon, (5) refusing to permit testimony that merchandise which defendant purchased had turned out to be stolen, (6) the court's remarks relative to the use of hearsay by the defendant in his testimony, (7) refusing to permit proof by defendant that 40 to.50 percent of the pawns or purchases from his customers was new merchandise, (8) refusing to permit testimony that defendant had made reports to the police department covering merchandise left in pawn, (9) refusing to permit a police captain to testify that defendant had in the past cooperated with the department in recovering stolen property, (10) refusing to permit the police captain to testify that defendant had, on previous occasions, reported to the department items of stolen merchandise which came to his place of business, (11) refusing to permit testimony as to defendant's cooperation with the police in recovering stolen merchandise in connection with the pre-sentence hearing, (12) refusing to give certain requested charges. *Held:*

1. A mere inquiry by the police as to whether defendant may have in his pawn shop certain merchandise thought to have been stolen does not present a situation requiring the Miranda warnings. At that stage it did not amount to the interrogation of the defendant as a suspected criminal.

2, 3. Testimony concerning receipt by defendant of stolen items (by way of purchase or pawn) with the connotation that he did so knowing of the facts that the items were stolen, is impermissible unless there appears a logical connection between them. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). No such connection appeared here.

4, 5, 7. Defendant's chief defense was that he had acquired the merchandise in a normal course of business, in good

faith, and that he had not wrongfully or unlawfully, with knowledge of its character, purchased or received the merchandise which the State alleged to have been stolen. We think that evidence as to the manner in which defendant's business was operated, the character of his trade and of his customers and their practice of bringing merchandise for pawn while yet having price tags affixed was relevant to the defense, and should have been admitted.

8, 9, 10. In like manner we regard testimony in behalf of the defendant that he had in the past cooperated with the police in identifying and recovering stolen merchandise as tending to support his defense that he had come into possession of the merchandise without knowledge of its stolen character, and it should have been admitted.

11. Testimony as to prior cooperation with the police in recovering stolen merchandise should have been admitted for consideration in determining the sentence.

12. A charge of *Code Ann.* § 26-1806 (a) should include the whole of this section; a deletion or omission of the portion "unless the property is received, disposed of, or retained with intent to restore it to the owner," is error under the facts here.

6. Since we are reversing the judgment and a new trial is to be had it is not likely that the matter referred to in the sixth enumeration will occur again, and we make no ruling as to it.

*Judgment reversed. Deen and Clark, JJ., concur.*
ARGUED APRIL 5, 1972—DECIDED APRIL 17, 1972.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.