## 47508. JONES v. THE STATE.

EBERHARDT, Presiding Judge. B. A. Jones was convicted of possessing marijuana and from an overruling of his amended motion for new trial he appeals. *Held:*

1. Appellant attacked the search warrant under which the marijuana was discovered because the magistrate had granted a "no knock" provision.

The affidavit asserted that "informers, on two occasions, have stated to me that Robert Jackson (whose residence was to be searched) said that the next police that entered his residence would be shot. Also, deponent feels that with notice of police by a search warrant will permit Jackson to dispose of evidence by flushing." The threat of violence against the police was sufficient to justify the grant of an exemption from the notice requirement of Ga. L. 1966, pp. 567, 570 (*Code Ann.* § 27-308), and this is especially true when coupled with the probability of loss of evidence by flushing it down a toilet. *Scull v. State,* 122 Ga. App. 696 (178 SE2d 720). Cf. *Hodges v. State,* 98 Ga. App. 97, 105 (104 SE2d 704), reversed on other grounds in 214 Ga. 614 (106 SE2d 795); Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917).

2. The search warrant was directed against Robert Jackson, who had the reputation of being a drug pusher, and his residence, where informants had told police a quantity of marijuana had been seen within the last 24 hours, and where known users of drugs had been observed going into and coming from the residence. The defendant, B. A.

Jones, was spending the night as a guest in the home of Jackson on the occasion of the search.

While appellant attacks the use of the warrant as the basis for searching him, we find nothing in the record indicating that he was in fact searched, or that any contraband was found on him. It does appear that when the police saw Jones in the hall of the residence (at about 1:30 a.m.) he was asked "Where do you stay?" and he answered by pointing to a bedroom adjoining the hall, and the bedroom was searched. In that room was found some luggage, including a green AWOL bag containing the marijuana forming the basis for this prosecution. Appellant did not rent the room, had been in it only for the one night and expected to leave the next day. Thus, the room was a part of the Jackson residence, under his control, and it was not unreasonable to search it under the warrant authorizing a search of the residence.

3. The search warrant was attacked on the ground that the name or names of the informers were not revealed, and there was a failure in showing reliability of the information which formed the basis for obtaining the warrant. A motion to suppress all evidence discovered by search under the warrant was denied and the order is enumerated as error.

In the affidavit it was asserted that the information had been obtained "from an informer who has informed in the past and the information has been reliable. Information from this informer resulted in the arrest of Timothy Zezula for selling drugs of abuse (marijuana)." In testifying at the hearing on the motion policeman Wilkes asserted that while working under-cover he had given information that led directly to the arrest of Zezula, and that he knew of no one else who did; that he worked the Zezula case and that without any prior information he had met Zezula at a night club and purchased marijuana from him. Officer Haney, who executed the affidavit, testified that he, too, had worked on the Zezula case and that one informer, without naming him, had given him information.

There may be an apparent conflict in the testimony of officers Haney and Wilkes, but we cannot say that, if so, it extends to the testimony of officer Haney for we do not know which informer he may have referred to, either in the affidavit or his testimony. The circumstance may weaken somewhat the assertion of reliability, but we find no basis for overturning the determination made by the trial judge that reliability was shown.

4. Error is enumerated upon the refusal of the court to exclude the testimony of the searching police that when the defendant was seen in the hallway he was asked "Where do you stay?" and that defendant answered, pointing to a bedroom adjoining the hall, "In there." The policeman admitted that no Miranda warnings had been given to defendant at that time, and this was the basis of the objection to the evidence.

We find no error. At the time the inquiry was directed to defendant he was not under suspicion for anything; the police were not looking for him. It was not a custodial interrogation, although the policeman admitted that if he had tried to leave he would not have been allowed to do so. It was a mere threshold inquiry, and a reasonable one. *Boorstine v. State,* 126 Ga. App. 90 (1) (190 SE2d 83).

5. Defendant moved for a directed verdict, which was denied, and error is enumerated. We are loath to find error in the denial of a motion for a directed verdict unless the verdict was clearly demanded. Even if there were error in its denial here, it was harmless in view of the ruling which we make in the next division of this opinion.

6. A careful reading and study of the record in this case leads us to the conclusion that the evidence was not sufficient to foreclose every reasonable hypothesis save that of guilt. It is a circumstantial evidence case. There was no proof that the AWOL bag in which the marijuana was found belonged to or was in the custody, possession or control of the defendant. If he had been a tenant, occupying a rented room in which the contraband

was found, the evidence might well have justified the conclusion that it was his. Cf. *Huff v. State,* 113 Ga. App. 257 (1) (147 SE2d 840). But he was there only as a temporary guest. Some of his clothing was found hanging in a closet of the room where he was sleeping, but that is not unusual for a guest.

We think a strong circumstance in his favor is that the police sought and obtained a search warrant directed against the owner of the house, asserting that he had the reputation of selling drugs. The owner, not this defendant, was under suspicion. In fact, the police did not even know that the defendant was in Columbus, or at the house to be searched, or who he was when they saw him. He had no such reputation. In his unsworn statement he related that he was a sophomore at a college in Texas and was in Columbus upon the invitation of friends to join them in a singing group for the holidays, and that he had done so the previous evening when the group entertained at a school. Witnesses who knew him testified that his reputation was good.

As we view it, it was as reasonable, if not more so, to conclude that the bag of marijuana had been placed in the room by Jackson and that it was his rather than the defendant's.

*Judgment reversed. Deen and Clark, JJ., concur.*
Submitted September 15, 1972—Decided September 25, 1972.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith,* for appellee.