## 29143. HIGH v. THE STATE.

JORDAN, Justice.

Ralph High, appellant here, was tried and found guilty of murder by a jury in the Fulton County Superior Court and sentenced to life imprisonment. After a motion for new trial was overruled he appealed his conviction to this court. *Held:*

1. Appellant's main contention on appeal concerns the voluntariness of a confession given by him some ten hours after his arrest. Appellant contends that he is a drug addict and that the only reason he made and signed the confession was to secure treatment at the hospital for withdrawal symptoms brought about by forced deprivation of heroin as a result of his incarceration.

A Jackson-Denno hearing was conducted to determine whether the defendant's confession was voluntary. After hearing evidence, the trial judge came to the conclusion that the defendant's confession was voluntary and admitted it into evidence. The defendant complains that "The trial court erred in allowing the confession to be introduced and admitted into evidence because the state did not meet the burden of proving such confession was made without the promise of reward. . ."

Before making any determination as to the merit of appellant's contention we must determine what standard of proof the state must meet in proving that the confession was voluntary. The United States Supreme Court in Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972) held that the state was required by the Constitution to show voluntariness only by a preponderance of the evidence. The appellant argues that justice would be better served if a beyond a reasonable doubt standard was adopted in this state. However, we feel as did the United States Supreme Court in Lego (p. 489) that ". . . it is very doubtful that escalating the prosecution's burden of proof in Fourth and Fifth Amendment suppression hearings would be sufficiently productive in this respect to outweigh the public interest in placing probative evidence before juries for the purpose of arriving at truthful decisions about guilt or innocence." We agree with this view and adopt the standard as set out in Lego.

We now review the evidence presented at the Jackson-Denno hearing in the case sub judice in view of this established standard. The defendant, Ralph High, contends that he was suffering from withdrawal symptoms and signed the confession only on a promise that he would receive immediate medical attention. On the other hand, the prosecution introduced witnesses present while the confession was taken who testified that the defendant was merely nervous and upset. We stated in *Johnson v. State*, 233 Ga. 58, that "Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous," citing Lego v. Twomey, supra, and United States v. Watson, 469 F2d 362 (5th Cir. 1972). After a careful review of the evidence submitted to the trial judge here, we feel that his determination was not clearly erroneous, and that the confession was properly admitted into evidence.

2. Having decided that the confession was properly admitted into evidence in this case, appellant's enumerations on the general grounds are without merit.

3. The appellant contends that the trial court erred

in excluding certain medical records that he wished to have in evidence to show the time and date the appellant was admitted into the hospital. Other testimony by both the state's witnesses and the appellant established the time and date of admittal and the information derived from the hospital reports would only have been cumulative. There was no error in excluding these reports.

4. The appellant contends that several statements made by the prosecuting attorney and the trial judge were inflammatory and unduly prejudiced the jurors. We have carefully reviewed these statements and find no reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1974 — DECIDED OCTOBER 25, 1974 — REHEARING DENIED NOVEMBER 5, 1974.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Richard E. Hicks, Assistant District Attorneys, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.