### 52287. BRACKINS v. THE STATE.

McMURRAY, Judge.

The defendant was indicted for murder in the killing of his wife. He was found guilty of voluntary man-slaughter and sentenced to serve 20 years. Defendant appeals. *Held:*

1. A third person was present at the time of the incident and heard the argument between the husband and wife. This witness made a statement to the police at the time of their initial investigation. Subsequently she changed her story on the committal hearing and the state plead entrapment. State counsel was allowed to cross examine.

Again at the trial, she changed her story while she was under oath, and the district attorney again plead entrapment and was allowed to cross examine the witness in an attempt to impeach her trial testimony. The district attorney stated in his place that she had told him shortly before trial she intended to testify in accordance with her original statement. Under the circumstances here there was no error for the district attorney to plead entrapment and be allowed to cross examine this witness. See *Lashley v. State,* 132 Ga. App. 427 (4) (208 SE2d 200); *Peurifoy v. State,* 53 Ga. App. 515 (2) (186 SE 461).

2. During the closing argument the special prosecutor allegedly made certain improper remarks as to sentences the jury might return, but no objection was made to such arguments and the defendant cannot now complain, since he failed to make his objection at the first opportunity during the trial. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Coachman v. State,* 236 Ga. 473 (1, 2) (224 SE2d 36).

3. When the police arrived at the scene after the shooting had been reported, the husband-defendant made certain admissions that he had shot his wife. The case of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d

694) does not apply to admissions made at an on-the-scene investigation, hence there is no merit in the complaint that the statements made by him to the police at the scene were improperly admitted in evidence. See *Shy v. State,* 234 Ga. 816, 820 (218 SE2d 599). At least two Jackson-Denno hearings (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LEd2d 908)) were held, and the court made a preliminary determination that the warnings required by Miranda were given to the defendant prior to making the incriminating statements subsequent to his earlier statement. See *High v. State,* 233 Ga. 153 (210 SE2d 673); *Nunnally v. State,* 235 Ga. 693 (12) (221 SE2d 547).

4. There was no need for the court to define misdemeanor or felony in its charge to the jury where no written request was made for same. See *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354). There is no merit in this complaint.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 17, 1976.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.