## 54887. GAINER v. THE STATE.

SHULMAN, Judge.
Appellant was indicted for the murder of his wife and convicted of involuntary manslaughter. Apparently, appellant and his wife had been having some domestic difficulties. The sum and substance of the case, as indicated by the confession of appellant, was that the deceased struck his hand while he was holding a pistol and that the weapon went off accidentally. Appellant then took his wife to the hospital where she died.

The only enumeration of error is the admission into evidence of the confession of the accused.

The sheriff first saw the appellant at the hospital. He testified that upon his arrival at the hospital he saw the

appellant sitting at the nurses' station of the emergency room. The nurse told him that appellant had shot his wife. The sheriff then went over to appellant and asked him what had happened, and appellant then told the sheriff that he had shot his wife. At that time appellant had not been advised of his constitutional rights. The sheriff immediately told appellant not to say anything else and that he was going to have to hold him for investigation of murder. The next day, at the jail, the sheriff advised him of his constitutional rights and obtained the confession. The defense presented no evidence and relied on arguments to the jury based on the defense of accident. A Jackson v. Denno hearing was held outside the presence of the jury to determine the admissibility of the confession.

1. Appellant's first contention is that the sheriff's initial inquiry as to what happened without advising appellant of his Miranda rights was improper and tainted the subsequent confession. We hold that such inquiry did not constitute an interrogation and that the sheriff had the right and the duty to make an on-the-scene investigation. At the time of the inquiry appellant was not in custody. In *Brackins v. State,* 139 Ga. App. 94 (227 SE2d 891), the court held: "When the police arrived at the scene after the shooting had been reported, the husband-defendant made certain admissions that he had shot his wife. The case of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) does not apply to admissions made at an on-the-scene investigation, hence there is no merit in the complaint that the statements made by him to the police at the scene were improperly admitted in evidence. See *Shy v. State,* 234 Ga. 816, 820 (218 SE2d 599)." Id. p. 95. Here, as in *Brackins,* ". . . the court made a preliminary determination that the warnings required by Miranda were given to the defendant prior to making the incriminating statements subsequent to his earlier statement. See *High v. State,* 233 Ga. 153 (210 SE2d 673); *Nunnally v. State,* 235 Ga. 693 (12) (221 SE2d 547)." Id. p. 95. See also *Jackson v. State,* 143 Ga. App. 734, 735, which states: "A careful review of the testimony leads us to believe that the law enforcement officer was not interrogating Jackson for the purpose of obtaining evidence to establish her guilt of a crime, but

rather was seeking to determine the nature of the situation confronting him and his associate. *Shy v. State,* 234 Ga. 816, 823 (218 SE2d 599) (1975). His threshold inquiry as to whether she knew what had happened evoked no immediate response. 'It was not a custodial interrogation, although the policeman admitted that if he had tried to leave he would not have been allowed to do so. It was a mere threshold inquiry, and a reasonable one.' *Jones v. State,* 127 Ga. App. 137, 139 (4) (193 SE2d 38) (1972). Jackson's initial statement was spontaneous and made when she was not in custody, even though under strong suspicion. We hold the statements admissible under the circumstances."

See also *Westley v. State,* 143 Ga. App. 344, 345 (238 SE2d 701) holding: "We find no error. Under similar facts, the court in *Jones v. State,* 127 Ga. App. 137 (193 SE2d 38) (1972), held that the investigating officer's question, 'Where do you stay?', directed to the defendant, was a mere threshold inquiry, and a reasonable one. See also *Boorstine v. State,* 126 Ga. App. 90 (1) (190 SE2d 83) (1972). Similarly, in *Shy v. State,* 234 Ga. 816 (218 SE2d 599) (1975), wherein a defendant in custody was asked, prior to being given Miranda warnings, what had happened, he replied: ' "I caught my wife and that son of a bitch and I shot him." ' *Shy,* supra, p. 817. The court observed that the Miranda warnings are not required in ' "general on-the-scene investigation," ' and that '[t]he police on the scene of a crime are likely to detain temporarily anyone who tries to leave before a preliminary investigation.' *Shy,* supra, p. 820. See Allen v. United States, 390 F2d 476 (DC Cir. 1968); Arnold v. United States, 382 F2d 4 (9th Cir. 1967). The Supreme Court in the *Shy* case concluded:

" 'Under the facts of the present case, it appears that, for all practical purposes, the appellant was in custody from the moment he was ordered by the officer to spread-eagle himself upon the ground and the officer began to search him for weapons. However, in our opinion, the single threshold inquiry of the officer as to what was happening was not an impermissible "interrogation" under Miranda.' P. 822. See also *Tucker v. State,* 237 Ga. 777 (229 SE2d 617) (1976)." Id. p. 345.

See also *Dasher v. State,* 140 Ga. App. 517 (1) (231 SE2d 510); *Davis v. State,* 135 Ga. App. 584 (5) (218 SE2d 297); *Wilburn v. State,* 230 Ga. 675 (2) (198 SE2d 857).

2. Appellant contends further that the confession was inadmissible because prior to the questioning he was not advised of the nature of the offense with which he was being charged. This contention is without merit. *Gossett v. State,* 105 Ga. App. 17, 18 (123 SE2d 322), holds: "The fact that the State did not show that the defendant prior to making said statements had been apprised by the interrogating officers of the nature of the investigation and its possible consequences and the full facts and circumstances surrounding the homicide did not affect the admissibility or voluntary character of the statements made by the defendant. These were circumstances to be taken into consideration by the jury in weighing the admissions under the provisions of Code § 38-420. See generally, 18 LRA(NS) 768, 788; 50 LRS(NS) 1077, 1082; 20 Am. Jur. 434, 435, Evidence, §§ 502, 505."

3. A third reason advanced by appellant for the inadmissibility of the confession was that after reading the "Miranda" rights card to appellant, the officer did not specifically ask the defendant "Do you want an attorney" and "Do you waive your constitutional rights and agree to talk to me?" The record shows that the defendant was fully apprised of his constitutional rights and that he in fact waived such rights. There is no requirement that law enforcement officers must encourage a defendant to avail himself of the opportunity to consult with an attorney. United States v. Springer, 460 F2d 1344 (7th Cir. 1972), cert. den. in 409 U. S. 873.

4. Defendant also raises the issue that at the time of his confession he was not in a sufficiently stable state of mind to freely and voluntarily understand and waive his constitutional rights. This would be for the jury to decide and they having done so, this court will not disturb such finding since a prima facie showing was made by the state that such statement was made freely and voluntarily and without hope of benefit or fear of injury. *Smith v. State,* 218 Ga. 216, 226 (126 SE2d 789); *James v. State,* 86 Ga. App. 282 (71 SE2d 568). See also *Westley v. State,* supra.

*Judgment affirmed. Bell, C. J., and Banke, J.,*

*concur.*

ARGUED NOVEMBER 9, 1977 — DECIDED JANUARY 12, 1978 —
REHEARING DENIED FEBRUARY 7, 1978.

*Spivey & Carlton, Robert S. Reeves,* for appel-
lant.
*H. Reginald Thompson, District Attorney, Charles
W. Cook, Assistant District Attorney,* for appellee.