## 58325. NEAL v. THE STATE.

BIRDSONG, Judge.

Appellant Robert Neal was convicted of rape. The evidence shows the following: Appellant and the victim, who were previously unacquainted, met at the American Legion and subsequently left together. After the couple stopped off at another club, where appellant unsuccessfully attempted to get others to leave with him and the victim, appellant told the victim he needed to stop by his apartment for a moment to pick up something. The victim went with appellant to a government housing project apartment (the apartment belonged to a woman friend of appellant) and waited downstairs in the living room while appellant went upstairs. A few minutes later appellant came down the stairs nude and asked the victim to go upstairs with him. When the victim, who was then four or five months pregnant, refused and begged appellant not to hurt her, a series of violent scuffles ensued during which the victim fell against the sofa, lamp and wall, was pushed and pulled about by the arm and neck, and was dragged up the stairs. Her clothes were ripped away and appellant "put his private" into her and then attempted to compel her to perform oral sex. At that point the victim, who was screaming and crying, managed to push appellant away and run downstairs. She

ultimately broke a window with a lamp and, with appellant pulling her and pummeling her in the back, finally ripped the window screen with her hands and escaped. She found clothes hanging on a line outside and managed to put them on as a neighbor rushed out. Witnesses testified they heard sounds of struggle, including glass breaking, from the apartment; that they heard a woman scream repeatedly, "They are raping me" and "They are trying to rape me"; the witnesses saw the victim hang out of and drop from the window. The victim was cut and injured. One of the witnesses, who knew appellant, went to the apartment door and called appellant, who peeped out and then closed the door. The witness, a son of the woman who leased that apartment, had a key to the apartment, and after retrieving it from his own residence, went back and entered the apartment. He saw broken glass and heard appellant apparently talking on the telephone upstairs, saying "Call the police, man, call the police." When appellant appeared, he was wearing jeans and a shirt. Later, while going through appellant's bedroom closet in the apartment, this witness found a sack containing women's clothing matching the victim's description of her clothes. The physician who examined the victim at the hospital emergency ward testified that the victim was upset but rational, and stated she had been raped and had gone through a glass window. She had multiple lacerations on her arms, stomach, legs and left hand. A pelvic examination revealed no evidence of sperm and no evidence of trauma, which the doctor defined as "injury," to the genital area.

Appellant enumerates two errors below. *Held:*

1. Appellant cites as error the trial court's denial of a new trial, in that the verdict is contrary to the evidence and to justice, and the evidence is insufficient to support a conviction for rape. The contention is that since the examining physician found no evidence of sperm, and no trauma to the vagina of the victim, there is no evidence of rape. We do not agree. The victim specifically testified she was in fact raped, that appellant had sexual intercourse with her against her will. The offense of rape occurs when there is "any penetration of the female sex organ by the male sex organ," forcibly and against the female's will

(Ga. L. 1968, pp. 1249, 1299; as amended 1978, p. 3; Code § 26-2001). The statute does not require "emission" of sperm as a constituent element of rape (Code Ann. Ch. 26-20, Committee Notes); nor is it the law that the victim's testimony must be corroborated or supported by additional evidence to support a finding of rape. (Ga. L. 1978, p. 3, deleting the former provision that "no conviction shall be had for rape on the unsupported testimony of the female.") According to the medical testimony the absence of trauma or injury to the vaginal area did not negate the possibility that the victim had recently had sexual intercourse; to conclude from the lack of vaginal trauma that the evidence is insufficient to find the victim was raped would be tantamount to holding that her unsupported testimony is insufficient to uphold the conviction and that a constituent element of rape is physical injury. This we cannot do. The evidence in this case is ample to find that whatever occurred in the apartment was a matter of violence and force, and that the prosecutrix was the victim of it. The jury is the arbiter of the facts, and it is the function of the jury, not this court, to determine the credibility of the witnesses and to weigh any conflicts in evidence. The jury resolved the issue of rape against the appellant and since the evidence adequately supports the verdict, we will not set it aside. *Griffin v. State,* 237 Ga. 532 (228 SE2d 908). The trial court's denial of appellant's motion for new trial was not error.

2. Appellant contends that certain statements he made, while not having been advised of his Miranda rights, were inadmissible and that the trial court erred in refusing to grant a mistrial on that basis. Two police officers arrived separately at the apartment shortly after the disturbance; neither officer had seen or talked to the victim and both knew only that a woman had screamed from that apartment about being raped. Neither officer understood what had happened in the apartment but observed the disarray of the furnishings and the broken window; appellant was not a suspect at that time, but was being detained in the apartment. Each officer, upon arriving, asked appellant what had happened and whether appellant knew anything about why the police

were called. To one officer, appellant stated that he knew nothing except that he had let two people in the apartment, the victim and another male, and had then gone upstairs to watch television. To the other officer, appellant responded with a similar statement. Appellant was not advised of his rights until a third officer arrived and advised that the victim had stated she was raped by appellant. Appellant contends his statements were inadmissible. We disagree. "Threshold inquiries" by an officer at the scene, or those directed toward determining what has happened, are "general on-the-scene investigations" that do not require Miranda warnings. *Gainer v. State,* 144 Ga. App. 703, 708 (242 SE2d 286); *Shy v. State,* 234 Ga. 816, 821-22 (218 SE2d 599). Even though the person questioned is being detained, where the questions are directed towards establishing the nature of the situation at hand, rather than towards establishing the guilt of the person questioned, the inquiry is not a custodial interrogation, and is reasonable. *Gainer,* supra; *Shy,* supra; *Jackson v. State,* 143 Ga. App. 734, 735 (240 SE2d 180); *Jones v. State,* 127 Ga. App. 137, 139 (193 SE2d 38). Unlike the appellant in *Shy,* supra, appellant in this case was not even a suspect, and was asked nothing except to explain why the police had been called. The statements were admissible, and were not made less so by the fact that they were, in some respects, inconsistent. A Jackson-Denno hearing was not requested, nor was it required in these circumstances. *Doyle v. State,* 144 Ga. App. 827 (243 SE2d 92). The trial court did not err in refusing to declare a mistrial.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 26, 1979 — REHEARING DENIED NOVEMBER 19, 1979.

*Stephen M. Friedberg,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, Assistant District Attorneys,* for appellee.