## 67332. DAVIS v. STEWART.

QUILLIAN, Presiding Judge.
Plaintiff-appellant Davis appeals the verdict and judgment in favor of defendant-appellee Stewart in an action for personal injury and property damage arising from a collision between their automobiles. *Held:*

1. The general grounds are asserted.

Appellant was stopped at a stop light behind several other cars and appellee drove up behind her. When the light changed to green and before appellant started forward, the front of appellee's vehicle struck the rear of appellant's, apparently through negligence. Appellee admitted striking appellant's car. The evidence is in conflict as to the force of the collision, the cause of alleged damage to appellant and her vehicle, and the amount of damage inflicted.

"This court will not disturb a judgment when there is any evidence in the record to sustain it, or where there is a conflict of

evidence [Cit.], in the absence of some material error of law [Cit.]. However, a verdict wholly without supporting evidence will be set aside. [Cit.] There is conflict in the testimony . . . which was the jury's duty to resolve. They did so." *Menendez v. Ellis,* 149 Ga. App. 684 (255 SE2d 70).

We find the evidence sufficient to sustain the verdict.

2. In its charge on the responsibilities of drivers in leading and following cars the trial court stated: "The driver of the leading vehicle must exercise ordinary care not to stop or slow up nor change his course without adequate warning of his intention to do so." Appellant claims this portion of the charge was error because there was no evidence of any such conduct on her part as her car was standing completely still.

" 'An inappropriate charge, unless harmful, is not ground for a new trial. [Cits.] Appellant has not demonstrated how this charge has harmed him nor are we constrained to believe that the jury could have been led away by this one charge from the issues in the case.' [Cit.]" *Bynum v. Standard Oil Co.,* 157 Ga. App. 819 (4), 822 (278 SE2d 669).

As the evidence is undisputed that appellant was standing still and appellant admitted that he knew she was, the jury clearly could not apply this charge in determining its verdict. Under the circumstances we find the inapplicable charge harmless as the jury could not have been misled thereby.

3. The trial court did not err in refusing to admit in evidence appellant's proffered prior conviction of appellee. The purpose of the conviction was to impeach the testimony of appellee. However, at the time of the offer, appellee had not testified. It is elementary that a witness cannot be impeached in such a fashion in anticipation of his testimony. Compare, *Cothren v. State,* 38 Ga. App. 693 (1) (145 SE 484).

4. In three enumerations it is contended that the trial court improperly restricted appellant's counsel's opening statement; stopped appellant from giving hearsay answers to questions and admonished her not to relate hearsay; and rebuked appellant and her counsel with such intensity and frequency, in addition to objecting to a portion of counsel's final argument, so that appellant was denied a fair trial.

Except for making a motion for mistrial concerning the restriction of his opening statement which was properly denied, appellant's counsel made no further objection or motions concerning the alleged conduct of the trial court. "It is so well settled as to be axiomatic that a party cannot ignore what he considers to be an injustice during the trial of the case in hopes of obtaining a favorable verdict and then enumerate that alleged injustice as error on appeal

when the verdict proves to be adverse to him. [Cits.]" *Bolton &c. Center v. Citizens &c. Bank,* 151 Ga. App. 21 (1), 22 (258 SE2d 682).

Moreover, we have carefully examined each of the instances of alleged improper conduct on the part of the trial court and find that its rulings were correct and properly within its discretion. The opening statement was properly limited to a recitation of facts which appellant intended to prove, when counsel strayed from this basic rule. *Smith v. Berry,* 231 Ga. 39 (1) (200 SE2d 95). The hearsay was also properly stopped, as well as counsel's final argument concerning matters not in evidence. "The discretion of the trial judge in the conduct of the trial and matters of practice as to the disposition of causes will not be interfered with unless manifestly abused. [Cits.]" *Hosp. Auth. v. Smith,* 142 Ga. App. 284, 289 (235 SE2d 562).

5. The trial court did not err in allowing evidence and argument concerning other auto collisions in which appellant was not injured.

The other auto collision evidence was contained in the deposition testimony of appellant's treating physician as part of the history given to him by appellant after the collision being tried. That information included that appellant had received no injuries in those other collisions which required medical attention. The physician felt that they were all minor and her injuries of little consequence in his treatment of her. Appellant's motion to exclude this evidence of other collisions was denied before the trial commenced, and the testimony was subsequently read to the jury. Before it was read, however, appellant, while being cross-examined, admitted that she had been involved in some other collisions. Upon objection, further questioning was stopped but the answer was not struck or requested to be struck. Further on in her cross-examination, appellant admitted, without objection, that her car had been involved in other collisions which had done some damage to it.

As appellant first brought out before the jury that she had been in other collisions, any possible error was rendered harmless. *Harper v. Samples,* 164 Ga. App. 511 (3) (298 SE2d 29).

In addition, the physician's testimony shows that appellant told him of three recent accidents in her history which indicated that there may have been some minor injury but not significant enough to require medical treatment. This evidence was properly admitted as it was relevant to the issue of the amount of damage to appellant's car and to her person, just as evidence of a yet earlier automobile collision in which appellant was severely injured was so relevant and admitted without objection.

6. Before arguments, the trial court told counsel he would note on their requests to charge whether he would give them and return the requests to them. The requests were apparently not returned to

counsel before arguments and appellant's counsel made no mention about not receiving them until after the charge had been given. Failure to return the requests before argument is asserted as error.

"[T]he mere failure to inform counsel of his intention to charge is not such an omission as will require the grant of a new trial in the absence of prejudice. [Cit.] In the absence of any request by counsel to be informed of the judge's proposed action on requested charges, noncompliance with Code Ann. § 70-207 (b) (now OCGA § 5-5-24 (b)), 'is not, in and of itself, reversible error.' [Cit.] ' "(W)hen counsel embark upon their summation without any request for such information, the trial judge may usually infer that they envisage no need for such information and treat the requirement as waived." ' [Cit.]" *Jackson v. Meadows,* 157 Ga. App. 569 (1), 571 (278 SE2d 8).

We find no prejudice to appellant and no merit in the assertion. *Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED FEBRUARY 3, 1984.

*John A. Vincenzi,* for appellant.
*Thomas D. Harper, Eugene G. Partain,* for appellee.