## 74266. MUNGIN v. THE STATE.
(358 SE2d 673)

POPE, Judge.
Charles Mungin was indicted for murder by vehicular homicide, and was tried and found guilty of voluntary manslaughter. Mungin did not testify, but during a preliminary *Jackson-Denno* hearing two statements he made to police prior to his arrest were ruled voluntary and were admitted in evidence at trial.

1. Appellant contends that his statements were not freely and voluntarily made. The evidence in this regard was conflicting. Appellant testified at the *Jackson-Denno* hearing that he asked for an attorney and to talk to his relatives before making any statements, but was told he did not need a lawyer and was not allowed to talk to his parents until after he made the first statement. He further stated that he was afraid because the officer "hollered" at him, and that he repudiated the statements at the first opportunity given. The detective who took his statements, however, testified that appellant was thoroughly informed of his constitutional rights before making both statements and that he voluntarily agreed to make them; that he never asked to speak to an attorney; that he was allowed to talk to his stepfather during the interviews; and that he was a high school graduate with 3½ years of college. A waiver of rights form was signed and initialed by appellant. Appellant was not handcuffed or formally placed under arrest at the time he made the statements, nor was he told he could not leave. Following the first interview, appellant accompanied police to his residence, where he consented to their examination of his car.

We find no grounds for reversal for any of the reasons asserted by appellant. His complaint that he was entitled at the *Jackson-Denno* hearing to the testimony of everyone present when he made his statements was considered and rejected in *Copeland v. State,* 162 Ga. App. 398, 400 (291 SE2d 560) (1982): "There is no requirement that all witnesses to a confession must testify at the hearing held to deter-

mine whether the statement was voluntarily made." Appellant's fear when the detective interrogating him "hollered" at him was self-induced and was not the "fear of injury" contemplated by OCGA § 24-3-50, which must be induced by another; in this case there was no evidence that the police had threatened to harm him if he did not make a statement. *Hall v. State*, 180 Ga. App. 366 (1) (349 SE2d 255) (1986). Whether or not appellant had been formally charged with the crime for which he was tried at the time his statements were taken would not affect their admissibility or voluntary character, but was simply a circumstance to be taken into consideration by the jury in weighing such statements under OCGA § 24-3-53. See *Gainer v. State*, 144 Ga. App. 703 (2) (242 SE2d 286) (1978). Appellant's assertion, without citation of authority or argument, that the length of his interrogation (totaling approximately three hours, with a four-hour break in between when he returned to his home with the police) was coercive is also without merit. Finally, since the transcript shows that the trial court specifically ruled that the statements were voluntary, there was no need for formal findings of fact or a written opinion. Cf. *Walraven v. State*, 250 Ga. 401 (4(a)) (297 SE2d 278) (1982); *Sims v. Georgia*, 385 U. S. 538 (87 SC 639, 17 LE2d 593) (1967). Factual and credibility determinations of voluntariness made at a *Jackson-Denno* hearing must be accepted by appellate courts unless clearly erroneous. *McNabb v. State*, 180 Ga. App. 723 (2) (350 SE2d 314) (1986). This enumeration of error cannot be sustained.

2. Appellant contends that because he did not testify at trial, the trial court erred in allowing the State to present testimony of a police officer that appellant came to the police station between 1:30 and 2:30 a.m. to report a stolen check in order to impeach appellant's later statements that he was talking to the victim at the time. Citing *Davis v. Stewart*, 169 Ga. App. 733 (3) (315 SE2d 6) (1984), he argues that a witness cannot be impeached in anticipation of his testimony. While *Davis* holds that a prior conviction is inadmissible to impeach the anticipated testimony of a witness, the voluntary, noncustodial statements of a defendant are admissible through the testimony of anyone who heard them and are not inadmissible on the ground that they were hearsay. *Hardeman v. State*, 180 Ga. App. 632 (2) (349 SE2d 839) (1986). See also *Moore v. State*, 240 Ga. 210 (2) (240 SE2d 68) (1977); *Henderson v. State*, 170 Ga. App. 482 (317 SE2d 343) (1984).

3. Appellant also complains that the officer's testimony concerning his appearance at the police station, that he "appeared to be intoxicated," impermissibly interjected his character in evidence. This statement was not responsive to the question asked the witness, and defense counsel neither objected nor moved for mistrial nor asked for curative instructions. Moreover, the "[c]onsumption of alcohol by adults is not prohibited and . . . is irrelevant to character." *Rielli v.*

*State*, 174 Ga. App. 220, 223 (330 SE2d 104) (1985). We find no ground for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 15, 1987 — ■

*Charles C. Grile*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.