## A90A0214. REED v. THE STATE.
### (390 SE2d 436)

Deen, Presiding Judge.

Dwight Reed appeals from his conviction of aggravated child molestation. The victim was his brother's nine-year-old stepson.

1. Appellant contends that the evidence was insufficient to support the guilty verdict.

The child reported the molestation to his school counselor after viewing the film "Good Touch, Bad Touch." The proper authorities were notified by the principal and the child was interviewed by law enforcement officers and social workers. A physician who examined the child testified that his examination revealed a sphincter muscle tone change consistent with anal intercourse. After he was arrested, appellant waived his right to counsel and consented to a polygraph test. When the results revealed that he was being deceptive, he made a partial oral admission of guilt. He was again advised of his *Miranda* rights and waived them. His statement was reduced to writing, read aloud to him, and he signed it.

The credibility of witnesses is a matter for jury resolution. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980). The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court held a *Jackson v. Denno* hearing prior to trial and admitted appellant's confession into evidence after finding that it was freely and voluntarily given. The officers who took the statement testified as to the conditions under which it was taken. Reed admitted signing the waiver certificate and consent to the polygraph examination, but denied signing the confession. He claims that his signature was a forgery because three letters in his first name were written in cursive and he normally prints his signature. By comparing his acknowledged signatures with the contested one, the evidence was sufficient for the trial court to find enough similarity to conclude that the signature was valid. This issue was resolved against Reed by the trial judge at the *Jackson v. Denno* hearing and later by the jury. We find no error in the trial court's finding that the statement was freely and voluntarily given. See *Mungin v. State*, 183 Ga. App. 290, 291 (358

SE2d 673) (1987).
*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 24, 1990.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, David T. Blackburn, Assistant District Attorney*, for appellee.

*Judgment affirmed. Pope and Beasley, JJ., concur.*