45706.   SCULL v. THE STATE.

ARGUED OCTOBER 8, 1970—DECIDED OCTOBER 26, 1970.

Charles L. Weltner, for appellant.

Lewis R. Slaton, District Attorney, Tony H. Hight, J. Melvin England, for appellee.

HALL, Presiding Judge. ■ "At common law after Semayne's Case in 1603, no officer executing a search warrant . . . could force his way into a private dwelling without first knocking and giving notice of his authority. The reason for this rule was originally said to be grounded on the fear of unnecessary damage to private property caused by officers breaking into houses where they might, had they asked, have been admitted freely. [77 Eng. Rep. 194, 196 (1603)] In discussing this principle, therefore, we must note carefully that it applies only in those cases where the officers, acting under a warrant or otherwise lawfully, have a right to be on the premises and to invade the privacy of the citizen. Hence the application of this rule must be carefully distinguished from the problems arising under the Fourth Amendment." Kaplan, Search and Seizure, 49 Cal. L. R. 474, 500.

Code Ann. § 27-308 was enacted in 1966 and there have been no Georgia cases dealing with possible exceptions, i.e., whether noncompliance can be excused by exigent circumstances. However, the Federal government and many States have had a similar statutory requirement for some time, and we have a prestigious collection of decisions to draw from.

Perhaps the best statement was made by Chief Justice Traynor of California in an opinion which was a forerunner in this area. "It must be borne in mind that the primary purpose of the constitutional guarantees is to prevent unreasonable invasions of the security of the people in their persons, houses, papers, and effects, and when an officer has reasonable cause to enter a dwelling to make an arrest and as an incident to that arrest is authorized to make reasonable search, his entry and his search are not unreasonable. Suspects have no constitutional right to destroy or dispose of evidence, and no basic constitutional guarantees are violated because an officer succeeds in getting to a place where he is entitled to be more quickly than he would, had he complied with section 844. Moreover, since the demand and explanation re-

quirements of section 844 are a codification of the common law, they may reasonably be interpreted as limited by the common law rules that compliance is not required if the officer's peril would have been increased or the arrest frustrated had he demanded entrance and stated his purpose. . . Without the benefit of hindsight and ordinarily on the spur of the moment, the officer must decide these questions in the first instance. . . We conclude therefore that when there is reasonable cause to make an arrest and search and the facts known to him before his entry are not inconsistent with a good faith belief on the part of the officer that compliance with section 844 is excused, his failure to comply with the formal requirements of that section does not justify the exclusion of the evidence he obtains." People v. Maddox, 46 Cal. 2d 301, 306 (294 P2d 6).

In Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726), the United States Supreme Court first quoted approvingly from Maddox, then held, "Here justification for the officers' failure to give notice is uniquely present. In addition to the officers' belief that Ker was in possession of narcotics, which could be quickly and easily destroyed, Ker's furtive conduct in eluding them shortly before the arrest was ground for the belief that he might well have been expecting the police." P. 40.

In considering the Federal notice statute, (18 USC § 3109) the United States Supreme Court has also recognized there can be exceptions based on exigent circumstances. Miller v. United States, 357 U. S. 301 (78 SC 1190, 2 LE2d 1332); Sabbath v. United States, 391 U. S. 585 (88 SC 1755, 20 LE2d 828).

We believe the officers here made a sufficient showing of exigent circumstances to excuse compliance with Code Ann. § 27-308.

■ Defendant also enumerates as error the denial of his requests for disclosure of the informer's identity. He contends this knowledge was essential to his defense since without it he could not contradict the police claim of exigent circumstances, the sole basis for which was the "information received" rather than the officers' personal knowledge. Defendant cites Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639), in which a conviction was vacated because the government refused to disclose an informer's identity, and in which the "essential to the defense"

test of disclosure was used. However, Roviaro had been charged with selling heroin to the informer (who was the only government participant in the transaction charged) and therefore disclosure of his identity was clearly essential to refute the government's "secondhand" case. The court went on to state, however, that "no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, supra, p. 62.

Here the crime charged is *possession* of narcotics, and the only significance of the informer's testimony would be to impeach the police testimony on exigent circumstances, void the seizure and suppress the evidence. We do not believe this is an essential type of defense, going to the heart of the charge and the guilt or innocence of the defendant, which would outweigh the public interest in the flow of information.

That Georgia public policy supports the nondisclosure privilege was confirmed in *Morgan v. State,* 211 Ga. 172 (84 SE2d 365) which cited *Anderson v. State,* 72 Ga. App. 487 (4) (34 SE2d 110) and *Code* § 38-1102.

Of course, the police might lie about what an informer has told them concerning exigent circumstances, just as they might about grounds for probable cause for a warrant to issue. In the latter instance however, the name of the informer need not be disclosed if the affidavit meets certain tests (i.e. reliability of the informer shown and the tip sufficiently detailed). McCray v. Illinois, 386 U. S. 300 (87 SC 1474, 18 LE2d 616); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). We believe the same tests should apply to grounds for reasonable belief in exigent circumstances (or, in other words, probable cause for an unannounced entry). We fail to see how, as here, an informer's tip could be sufficient to cause a search warrant to issue—an exception to the powerful constitutional right of privacy in the home, and be insufficient to allow

the police to conduct a prudent raid—an exception to a common law and statutory requirement originated to prevent damage to private property and perpetuated, perhaps, to preserve the dignity of the innocent householder. In either situation, if the tip meets the tests set out in the Spinelli and *Sams* cases, the mere possibility that the police might be impeached is not enough to demand disclosure of the informer's identity. As Chief Justice Weintraub of New Jersey has perceptively remarked, every defendant would demand disclosure in that event, having nothing to lose and suppression of the evidence to gain if the State could not afford to reveal its source. "Perhaps that approach would sharpen investigatorial techniques, but we doubt that there would be enough talent and time to cope with crime upon that basis. Rather we accept the premise that the informer is a vital part of society's defense arsenal. The basic rule protecting his identity rests upon that belief . . . [I]t should rest entirely with the judge who hears the motion to suppress to decide whether he needs such disclosure as to the informant in order to decide whether the officer is a believable witness." State v. Burnett, 42 N. J. 377, 385, 388 (201 A2d 39).

The court did not err in refusing to compel the police to name the informer.

*Judgment affirmed. Deen and Evans, JJ., concur.*