## 53895. BARCLAY et al. v. THE STATE.

McMurray, Judge.

Defendants were authorized an immediate appeal from the partial denial of their motion to suppress evidence.

Police officers received information from a reliable informant that the informant had witnessed the defendants selling cocaine in a certain motel room. Acting on this information, the police obtained a search warrant for the motel room. Upon execution of the search warrant the police officers entered the room with a pass key obtained from the management of the motel without first giving notice of authority and purpose and without knowledge that the room was unoccupied. Search of the room yielded some marijuana.

After searching the room police officers waited in the room for two hours, at which time the defendants returned and were immediately searched. This search yielded a quantity of cocaine upon the person of each of the defendants.

On the hearing of the defendants' motion to suppress the trial court overruled all grounds of the motion "except that concerning illegal entry." The trial court further ruled that the informant's statement and subsequent verification of portions of the informant's statement showed ample probable cause not only for the search of the premises, but also for the arrest and subsequent search of the person of each defendant. Therefore, the cocaine was not suppressed. However, the marijuana was suppressed by the trial court due to the illegally executed entry into the motel room. *Held:*

"All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant, if after verbal notice, or an attempt in good faith to give verbal notice by the officer directed to execute the same of his authority and purpose, (a) he is refused admittance, or (b) the person or persons within said building or property or part thereof refused to acknowledge and answer said verbal notice, and the presence of such person or persons therein is unknown to such officer, or (c) the building or property or

part thereof is not then occupied by any person." Code Ann. § 27-308 (Ga. L. 1966, pp. 567, 570). This statute represents the enactment of a common law rule dated from Semayne's case in 1603 (77 Eng. Rep. 194, 196 (1603)). This common law rule applies not only to an officer executing a search warrant but also to an officer attempting to effect an arrest without a warrant. See Miller v. United States, 357 U. S. 301, 308 (78 SC 1190, 2 LE2d 1332). Compare *Scull v. State*, 122 Ga. App. 696, 698 (1) (178 SE2d 720).

Applying this common law principle to the case sub judice we hold that the entry to the motel room, whether viewed for the purpose of executing the search warrant or viewed as an entry to effect an arrest without a warrant, was illegal and has tainted the subsequent course of events. Nor is the entry without notice of authority and purpose excused by the presence of exigent circumstances such as was the case in *Scull v. State*, 122 Ga. App. 696, 698 (1), supra. The trial court has held that there was no showing of such exigent circumstances. No appeal was taken from this finding, and it is the law of the case. See also Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 2, 1977 — DECIDED JUNE 27, 1977.

*Joe Salem, John L. Kennedy, Felker Ward, Jr.,* for appellants.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.