### 62066. COX et al. v. THE STATE.

POPE, Judge.

Appellants were indicted and convicted of commercial gambling, keeping a gambling place, and communicating gambling information in violation of Code Ann. §§ 26-2703, 26-2704 and 26-2706. Appellants moved to suppress the evidence seized during the search of an apartment where the gambling operation was located. The trial court denied the motion and it is this ruling from which appellants appeal.

This case was initiated when the Georgia Bureau of Investigation (GBI) received information in their Atlanta office from an anonymous telephone caller stating that her husband had been placing telephone bets on professional and college football games with appellant Cox. The woman stated her husband used a code assigned to him when placing the bets by calling a certain telephone number. The GBI contacted Southern Bell Telephone Company and learned that the number given them was listed in the name of Ann Nelson, 4689 Roswell Road, NE, Apt. L-1 in Atlanta. The telephone records indicated that Ms. Nelson was a bookkeeper for Cox Furniture, which was linked to appellant Cox.

A GBI agent called the number and the telephone was answered by a man on the first ring. The agent then went to the Roswell Road apartment where the phone was located and observed two vehicles parked there which were registered to appellants. Further investigation revealed that appellant Cox was a "large scale illegal bookmaker" according to GBI criminal files, and appellant Baker had previous convictions for gambling violations. During a period of continued surveillance, GBI agents went and stood in the public hallway outside the apartment and overheard conversations from inside. The agents heard two men answering two telephones immediately when they rang and providing gambling information to the callers. Based upon this information agents obtained a search warrant and seized substantial quantities of gambling paraphernalia inside the apartment.

1. Appellants urge that the GBI agents' aural surveillance, conducted by placing their ears at various distances from the

apartment door and thereby hearing what was being said inside the apartment, rendered invalid the search warrant based on the information so gathered. Appellants contend the agents intruded into a zone of privacy protected under the Fourth Amendment.

The agents entry into the public hallway of the apartment building was proper. The officers were investigating a crime which had been reported to them; therefore, their entering upon the portion of the property open to the public was not an unlawful intrusion. Compare *Cuevas v. State,* 151 Ga. App. 605 (1B) (260 SE2d 737) (1979). Generally, a tenant expects other tenants and their invitees to enter the common areas of an apartment complex; therefore, they have no reasonable expectation of privacy therein. *Bunn v. State,* 153 Ga. App. 270 (2) (265 SE2d 88) (1980). Although appellants were not in the common area of the complex, we deem that all conversations in the apartment carried on in a tone of voice audible to a person standing in the common area outside the front door of the apartment were knowingly exposed to the public. United States v. Llanes, 398 F2d 880 (5) (2nd Cir. 1968). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Katz v. United States, 389 U. S. 347, 351 (88 SC 507, 19 LE2d 576) (1967). We do not think that placing an ear next to the door converts otherwise permissible surveillance into an illegal search. United States v. Jackson, 588 F2d 1046 (15) (5th Cir. 1979). "The police officers were not required to seek prior judicial approval for the surveillance made in this case which was other than by mechanical or electronic means..." *Satterfield v. State,* 127 Ga. App. 528, 531 (194 SE2d 295) (1972); Code Ann. §§ 26-3001 and 26-3004. Therefore, we conclude that the information gathered was properly considered by the judge in determining whether probable cause existed for the issuance of a search warrant.

2. Appellants next contend that the search of the apartment was illegal because of the inclusion in the search warrant of a "no-knock" provision inserted by the issuing judge at the request of the GBI agent. While testifying under oath verifying the contents of the affidavit, the agent requested orally that the judge allow the officers to enter the premises without knocking or otherwise announcing their presence. The agent stated to the judge that this request was based upon the agent's general knowledge and experience that offenders involved in gambling operations of the type in this case have the propensity to destroy the physical evidence of their illegal activities should they be discovered by police. This is usually accomplished by keeping records of the telephoned bets on flash or water soluble paper which can be quickly and easily destroyed in the event of a police raid.

Georgia law requires that police, prior to effecting entry into the premises, knock and give verbal notice of their authority and purpose when executing a search warrant. This requirement may be excused, however, where police have *reasonable grounds* to believe that forewarning would lead to the immediate destruction of evidence.. *Scull v. State,* 122 Ga. App. 696 (178 SE2d 720) (1970). We deem that the representations by affidavit that gambling materials were likely to be found in the apartment and the testimony by the GBI agent as to his general knowledge of the propensity of bookmakers to destroy evidence constituted sufficient grounds for the issuance of a search warrant allowing the agents to enter the premises unannounced. To establish reasonable grounds the officers did not have to show specific information which would lead them to conclude that evidence would be destroyed upon an announced entry. It was sufficient that information supplied by affidavit and sworn testimony would lead to the reasonable conclusion that the evidence sought could be disposed of or destroyed before the police could seize it if they announced their authority and purpose. People v. DeLago, 16 NY2d 289 (266 NYS2d 353, 213 NE2d 659) (1965); Henson v. State, 236 Md. 518 (204 A2d 516) (1964). Certainly the testimony by an officer of his prior experience in making arrests in similar crimes and information gathered from other officers working in specific fields may be a factor considered by the issuing judge in determining the probability of destruction of evidence.

The practicality in searches for evidence of illegal gambling operations may require a surprise entry to avoid the destruction of evidence. In this case when the agents entered the apartment, they discovered a trash can filled with water and a quantity of water soluble paper. We do not think that federal constitutional safeguards were violated. In Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726) (1963), the Supreme Court stated that if state law allowed an unannounced entry because evidence could have been easily destroyed, such entry does not violate constitutional standards of reasonableness. We therefore hold that in the case before us the no-knock provision in the search warrant was reasonable, permissible, and legal, and the evidence seized was admissible against appellants.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 13, 1981 —
REHEARING DENIED OCTOBER 28, 1981 —

*Theodore S. Worozbyt,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.