A96A0131. THE STATE v. SMITH.
A96A0132. THE STATE v. SMITH.
A96A0133. THE STATE v. PUTNAM.
(467 SE2d 221)

BEASLEY, Chief Judge.

Indictments were returned against the Smiths and Putnam charging them with violations of the Georgia Controlled Substances Act based on allegations that they were in possession of marijuana with intent to distribute. They filed motions to suppress, based on the illegality of the seizure; the motions were granted following a hearing. The State appeals this interlocutory ruling, which it is permitted to do by OCGA § 5-7-1 (a) (4).

A search warrant executed by GBI narcotics agent Ramey and other law enforcement officers at the Smiths' residence resulted in the seizure of marijuana. Putnam and Samples were present at the residence at the time of the search, but the Smiths were not there.

At the hearing, Ramey testified as follows on direct examination. When he and the other officers arrived at the residence, they saw Samples and one or two other individuals standing outside the residence. They did not know if anyone was inside. They exited their vehicle and announced that they were police and had a search warrant, entered through an unlocked door, and encountered Putnam.

Both Putnam and Samples testified that Ramey and the other officers ran into the house without knocking or identifying themselves.

On redirect examination, Ramey testified that he and the other officers announced that they were police and had a search warrant when they exited their vehicle fifty to sixty feet from the residence and again when they approached the door to the residence, and that they probably gave the individual inside the residence ten to fifteen seconds to come to the door. On recross-examination defense counsel pointed out that although Ramey testified on direct examination that

the officers announced that they were police and had a search warrant when they exited their vehicle, he did not testify that they again announced their authority and purpose when they approached the door to the residence.

A law enforcement officer entering an occupied residence for the purpose of executing a search warrant is required to give or attempt to give verbal notice of his authority and purpose. See OCGA § 17-5-27; *Barclay v. State*, 142 Ga. App. 657 (236 SE2d 901) (1977); *Jackson v. State*, 129 Ga. App. 901, 905 (1) (e) (201 SE2d 816) (1973). Unless excused by the presence of exigent circumstances, an entry which is illegal under the statute taints the search. *Barclay*, supra. Exigent circumstances exist where the police have reasonable grounds to believe that forewarning would either greatly increase their peril or lead to the immediate destruction of the evidence. *Scull v. State*, 122 Ga. App. 696 (1) (178 SE2d 720) (1970). A search warrant with a no-knock provision may be issued where the facts set out in the affidavit demonstrate exigent circumstances. *Jones v. State*, 127 Ga. App. 137 (1) (193 SE2d 38) (1972).

The search warrant in this case did not have a no-knock provision, and there is no evidence of exigent circumstances.

" 'Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal.' [Cit.]" *State v. Davis*, 261 Ga. 225, 226 (404 SE2d 100) (1991). The evidence supports a finding that, in executing the search warrant, the officers entered the residence occupied by Putnam without giving or attempting to give verbal notice to any occupant of their authority and purpose. The trial court was thus authorized to conclude that the officers' entry into the residence was illegal, thereby tainting the search. See generally *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 23, 1996.

*Ralph L. Van Pelt, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellant.
*Richard K. Murray, Edward F. Hurley*, for appellees.

