## A98A1566. FELIX et al. v. THE STATE.
### (526 SE2d 637)

McMURRAY, Presiding Judge.

Gladys Felix and Leonard Lee were jointly indicted for a single violation of the Georgia Controlled Substances Act, in that they allegedly did "unlawfully . . . possess and have under their control Cocaine. . . ." After a jury trial, each defendant was found guilty as charged. On appeal, their convictions were affirmed by this Court. *Felix v. State*, 234 Ga. App. 509 (507 SE2d 172). Specifically, this Court held the trial court did not err in refusing to suppress the cocaine seized after a search pursuant to a warrant, on the ground the warrant incorrectly describes the address of the premises to be searched. Id. at 511 (1). In so ruling, this Court declined to consider multiple additional reasons offered in support of their contention that the trial court erred in denying their motion to suppress. On certiorari, the Supreme Court of Georgia vacated our judgment and remanded with direction that appellants' remaining arguments be addressed. *Felix v. State*, 271 Ga. 534, 540 (523 SE2d 1). *Held*:

1. The judgment of the Supreme Court is made the judgment of the Court of Appeals. Inasmuch as the Supreme Court did not address the merits of any ruling in the prior appeal, we adhere to our ruling in Division 1 of the prior appeal, that the warrant is not defective due to the description of the premises to be searched. Similarly, Divisions 2, 3, and 4 are also adhered to.

2. Defendants contend the trial court erred in refusing to suppress the cocaine found in the apartment, in arm's reach of where defendants were sleeping, arguing first that the warrant is not supported by probable cause. We disagree.

A search warrant will issue only upon facts "sufficient to show probable cause that a crime is being committed or has been committed. . . ." OCGA § 17-5-21 (a). In determining whether probable cause to issue a search warrant exists, the magistrate's task is

> "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

*DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157).

Lt. Robert Fawley, of the West Point Police Department, gave the following affidavit in support of the warrant application:

> Within the past 24 hours I was contacted by a reliable source

who stated that she had seen an amount of Crack Cocaine at the residence located 1301 Davidson Street Apartment #4, West Point, Georgia. On several occasions I have received information about Narcotics being sold from this residence.

We assume, without deciding, that, standing alone, this affidavit is insufficient to establish the basis for the informant's knowledge or the reliability of any information received on several prior occasions from other unknown informants. See *Langford v. State*, 213 Ga. App. 232 (444 SE2d 153). But "probable cause may be established not only by the contents of the affidavit but also by sworn oral testimony given the magistrate. [Cits.]" *Simmons v. State*, 233 Ga. 429, 431 (211 SE2d 725).

At the hearing on defendants' motion to suppress, Lt. Fawley testified he informed the issuing magistrate that the particular informant was reliable in that this source had given information "numerous times before that was proved to be true and correct, which led to subjects being arrested." Within the 24 hours preceding the warrant application, this informant contacted Lt. Fawley about defendant Felix. The other informant, whose information had proven reliable in the past, told Lt. Fawley on the Friday before the application for the warrant that, "we [the police] need to go over to Davidson Street at the apartment right there and do something about Gladys because of the amount of drugs she's selling."

A prime element in the concept of probable cause is the time of the occurrence of the facts relied upon. *Fowler v. State*, 121 Ga. App. 22, 23 (172 SE2d 447). But the precise date of an occurrence is not essential. Rather, the inquiry is whether the factual statements in the affidavit are sufficient to create the reasonable belief that the conditions described might yet prevail at the time the search warrant is issued. So when the evidence before the magistrate indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case in a single, isolated transaction. *State v. Luck*, 252 Ga. 347 (312 SE2d 791). Based on the totality of the circumstances, including the timely report from an informant of demonstrated reliability that cocaine was seen in an apartment out of which the police previously suspected drugs were being sold, the magistrate had probable cause to believe the circumstances described to him might yet prevail at the time the warrant was issued. Id. The trial court did not err in denying defendants' motion to suppress on the ground the search warrant was issued without probable cause.

3. The warrant as prepared by Lt. Fawley is captioned as a Search Warrant in the Recorders Court of Troup County. The author-

ity of the issuing officer, under the signature of John F. Meador, is that of: "Judge of the Recorders Court[,] City [of] West Point, Troup County, Georgia." Defendants contend the warrant is invalid because there is no Recorders Court for Troup County and there no longer is a Recorders Court for the City of West Point. This contention is without merit. Although OCGA § 36-32-1 (a) provides that any such court as authorized thereunder "shall be styled as a municipal court," that Code section further expressly provides that the change in name of any court previously known as a police court, recorders court, mayors court, etc., "shall not affect the validity of any action or prosecution in such court." An incorrect caption on the search warrant, such as inserted here by Lt. Fawley, "fall[s] within the category of a 'technical irregularity not affecting the substantial rights of the accused.' *Merritt v. State*, 121 Ga. App. 832, 833 (2) (175 SE2d 890) (1970); *Latimer v. State*, 134 Ga. App. 372 (214 SE2d 390) (1975)." *Birge v. State*, 143 Ga. App. 632 (1) (a) (239 SE2d 395).

4. Defendants' final contention is that the trial court erred in denying their motion to suppress because the police illegally executed the warrant by waiting an unreasonably short period of time before forcing their way into the apartment. We disagree.

This search warrant did not contain a so-called "No Knock" provision. Thomas Sims of the Lanett, Alabama, Police Department assisted the West Point police in executing the warrant. He observed as "Lieutenant Cummings knocked on the front door. No one answered the door. The door was unlocked. . . . We waited after we knocked for a few seconds[, approximately five to ten seconds]. No one came to the door. At that point in time we turned the knob and went into the residence."

> All necessary and reasonable force may be used to effect entry into any building or property . . . to execute a search warrant if, after verbal notice or an attempt in good faith to give verbal notice by the officer . . . of his authority and purpose[, he] is refused admittance[; or the] persons within the building . . . refuse to acknowledge and answer the verbal notice or the presence of the person or persons therein is unknown to the officer; or [the] building or property . . . is not then occupied by any person."

OCGA § 17-5-27. This Code section incorporates the common law requirement that officers executing a search warrant knock and announce their authority and purpose, unless peril to the officer is increased thereby or the law enforcement purpose would be frustrated by compliance. *Scull v. State*, 122 Ga. App. 696, 699 (1) (178 SE2d 720). See also *Wilson v. Arkansas*, 514 U. S. 927 (115 SC 1914,

131 LE2d 976) (common law knock-and-announce principle held part of reasonableness inquiry under Fourth Amendment's guarantee against unreasonable searches and seizures). Although Lt. Fawley, the affiant, did not ask the magistrate for a "No Knock" provision, it is judicially recognized that firearms are tools of the drug trade. *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (whole court). And in fact, a "loaded" Charter Arms 38 caliber revolver was recovered from a recliner by the left side of defendants' bed. In this case, the five- to ten-second interval between Lt. Cummings' knock and the nonviolent opening of the unlocked door (after no one inside responded) was not manifestly unreasonable. *Jackson v. State*, 129 Ga. App. 901, 905 (1) (e) (201 SE2d 816). Compare *State v. Smith*, 219 Ga. App. 905, 906 (467 SE2d 221), where this Court affirmed the grant of a motion to suppress because the evidence in that case supported the trial court's "finding that, in executing the search warrant, [those] officers entered the residence occupied by Putnam without giving or attempting to give verbal notice to any occupant of their authority and purpose." The trial court, in the case sub judice, did not err in denying defendants' motion to suppress on the ground that the officers waited an unreasonably short time after their announcement before entering the residence.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 7, 1999.

*Kirby & Roberts, James C. Thornton, Ellis C. Smith*, for appellants.

*Peter J. Skandalakis, District Attorney, Todd A. Orston, Assistant District Attorney*, for appellee.