## A02A0759. SWAN v. THE STATE.
(565 SE2d 488)

MILLER, Judge.

Based on evidence police obtained in a search of her residence, Virginia Louise Swan was convicted of possessing methamphetamine with intent to distribute. Citing three reasons, Swan argues that the court erred in denying her motion to suppress the evidence obtained in the search: (1) police did not show probable cause to justify the issuance of the search warrant; (2) the warrant failed to describe sufficiently the place to be searched; and (3) police executed the warrant without giving notice of their authority and purpose. We hold that (1) the statements of the named informant who spoke against his penal interest showed probable cause; (2) the description of the property's location was sufficient; and (3) the police properly executed the warrant by knocking, announcing their authority, and entering the unlocked door after receiving no response. Accordingly, we affirm.

When reviewing a trial court's order on a motion to suppress, we construe the evidence in favor of the trial court's ruling and uphold its judgment if there is any evidence to support it. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). So construed, the evidence showed that a person arrested for a drug offense told police that two days earlier he had purchased methamphetamine from "Jeannie" (Swan's nickname), and that he had been making such purchases from her for the past two years. He led police to the house where the transactions had taken place, indicating that he had seen methamphetamine at the house during the recent purchase transaction. He also stated that Swan drove a white Chevrolet Camaro, which police observed at the house. Citing this information and identifying the informant, police applied for a search warrant, describing the location of the house by naming the county and state and by giving specific street directions and distances to the location. The house's color and curtilage were also described. A warrant issued.

Two days later police executed the warrant. Police surrounded the house, in which a party was going on, and two officers approached the front door, knocked, and announced "Sheriff's Department." The door had no handle and was unlocked. After waiting five seconds and receiving no response, police opened the door and entered, announcing "Sheriff's Office, Search Warrant." The search produced firearms, drug sale-related paraphernalia, and large quantities of methamphetamine. Swan admitted to police at the site that she owned the home and possessed the methamphetamine.

Swan was indicted for possessing methamphetamine with intent to distribute and for possessing a firearm during the commission of certain crimes. Swan moved to suppress the evidence obtained during the search, which motion the court denied after an evidentiary

hearing. Acquitting her of the firearm charge, the jury found her guilty of the drug possession charge. She appeals, citing as error the denial of her motion to suppress.

1. Swan claims that police did not show probable cause to support the warrant where the affiant relied on the word of a named informant who had reason to lie in order to receive lighter treatment for his pending drug offense. Georgia law is to the contrary: "When a *named* informant makes a declaration against penal interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit that statement." (Punctuation and footnote omitted; emphasis in original.) *Tomlinson v. State*, 242 Ga. App. 117, 119 (527 SE2d 626) (2000); see *State v. Wesson*, 237 Ga. App. 789, 791 (516 SE2d 826) (1999); *Sosebee v. State*, 227 Ga. App. 21, 23-24 (488 SE2d 102) (1997). Swan's citation to *Robertson v. State*, 236 Ga. App. 68 (510 SE2d 914) (1999), is inapplicable, as the informant in that case was not named to the magistrate. See *Wesson*, supra, 237 Ga. App. at 791 (naming of informant to magistrate is key distinction).

Here the informant, who was named to the magistrate, reported to police that he personally observed and purchased methamphetamine at the house in question, which clearly was against his penal interest. As credible evidence supported a finding of probable cause, we uphold the trial court's ruling in favor of the warrant.

2. Citing *Vaughn v. State*, 141 Ga. App. 453, 454 (1) (233 SE2d 848) (1977), Swan alleges that the warrant was defective for failing to identify the county and state when describing the location of the house to be searched. Unlike the affidavit in *Vaughn*, however, the affidavit in support of the warrant here stated that the described property was in a specified county (Cherokee County). The description of the property's location by giving specific directions and distances along identified highways and intersections in the county, and by giving a physical description of the house, allowed police to ascertain with reasonable certainty the identity of the place intended. See, e.g., *Landers v. State*, 183 Ga. App. 691-692 (1) (359 SE2d 748) (1987); *Miller v. State*, 155 Ga. App. 399, 401 (I) (B) (270 SE2d 822) (1980).

3. Swan contends that the manner in which police executed the warrant invalidated the search. Specifically, Swan argues that police allowed only five seconds between the knock/announcement and entering the home, which interval was too short to allow the occupants to respond. The warrant did not have a "no knock" provision. Compare *Jones v. State*, 127 Ga. App. 137 (1) (193 SE2d 38) (1972).

"A law enforcement officer entering an occupied residence for the purpose of executing a search warrant is required to give or attempt to give verbal notice of his authority and purpose. See OCGA § 17-5-27; [cits.]." *State v. Smith*, 219 Ga. App. 905, 906 (467 SE2d 221)

(1996). Here police knocked and announced their authority, and upon receiving no response after five seconds, they nonforcibly entered the unlocked residence, repeating their authority and specifying they were executing a search warrant. We will not disturb the trial court's judgment that the five-second interval was sufficient, particularly in light of the "judicially recognized [fact] that firearms are tools of the drug trade. [Cit.]" *Felix v. State*, 241 Ga. App. 323, 326 (4) (526 SE2d 637) (1999) (five- to ten-second interval in drug raid sufficient). Indeed, as in *Felix*, guns were discovered in the residence, with police here having to subdue one of the occupants who was reaching for a gun. Swan even admitted to attempts to hide the firearms and drugs once she heard the knocking. The five-second interval between the knock/announcement and the nonviolent opening of the unlocked door (after no one inside responded) was not manifestly unreasonable. Id.; compare *Smith*, supra, 219 Ga. App. at 906 (police did not knock nor announce their authority or purpose when approaching and entering house; search invalid); *Barclay v. State*, 142 Ga. App. 657 (236 SE2d 901) (1977) (using pass key, police entered motel room without knocking or giving notice of their authority or purpose; search invalid).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 29, 2002 —
RECONSIDERATION DENIED MAY 15, 2002 — 

*Charles G. Harbin, Jr.*, for appellant.
*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.