A05A0824. THE STATE v. WILLIAMS.
(621 SE2d 581)

SMITH, Presiding Judge.

In this probation revocation case, the State appeals from the trial court's order granting Corey DeWayne Williams's motion to suppress. Because the trial court correctly concluded that the "no-knock" provision in the search warrant was unsupported by particular facts and circumstances justifying the need for its use and that no exigent circumstances were shown, we affirm.

Williams was originally charged with possession of cocaine with intent to distribute, sale of cocaine, possession of cocaine, and possession of less than one ounce of marijuana. In April 2004, he pleaded guilty to possession of cocaine and was sentenced to seven years, to be served on probation. Later that year, a police officer received information from a confidential informant that Williams was selling cocaine from his residence, as well as complaints from neighbors that there was "a lot of traffic to the residence." On August 12, 2004, the officer appeared before a magistrate and submitted an affidavit and

application for a search warrant, requesting a "no-knock" provision. The affidavit consisted of a pre-printed form with spaces provided for additional information. The "no-knock" section of the form contains a printed provision stating:

> I am seeking a "No Knock" provision so that entry can be made without knocking and without giving verbal notice of the lawful authority and purpose in execution of this search warrant. There are reasonable grounds to believe that the giving of verbal notice would: (check applicable)
>
> [ ] greatly increase the peril to officers executing this warrant;
>
> [ ] lead to the immediate destruction of the evidence sought.
>
> In support, thereof, I state the following facts:

Both boxes are checked on the form. A blank follows for the inclusion of facts. In that space, the officer stated, "Affiant asked that a no-knock clause be included in this search warrant and affidavit as based on affiant's experience and knowledge cocaine can be easily destroyed and by forwarning [sic] the occupant's [sic] could greatly increase the danger and risk to officer's [sic] executing this search warrant."

At the hearing on the motion to suppress, the officer testified that because of his experience as a drug task force officer, he "requested the no-knock based on the probability that if we were delayed getting into the residence, not knowing how much cocaine would actually be in the house, that it could possibly be destroyed or flushed." Asked if this was "standard language," the officer replied, "I won't say it is standard, but, yes, sir, it is — if we don't have anything else to go on." Asked why he had checked both boxes, including the one indicating peril to officers executing the warrant, he responded, "the reason there is my knowledge and experience." He acknowledged, however, that he knew Williams and had never known him to be violent, carry a gun, or resist arrest. He added, "I didn't have any specifics to give other than based on my knowledge and experience that things change in a search warrant . . . the evidence can easily be destroyed because it has been destroyed numerous times, not with this particular person but it has been in the past." Questioned by the trial court, the officer confirmed that no testimony was given to the magistrate outside the four corners of the affidavit itself.

In *Poole v. State*, 266 Ga. App. 113 (596 SE2d 420) (2004), we reversed the trial court's denial of a motion to suppress, noting that the United States Supreme Court in *Richards v. Wisconsin*, 520 U. S.

385 (117 SC 1416, 137 LE2d 615) (1997), "rejected a blanket exception to a knock-and-announce requirement for felony drug investigations because it overgeneralized the risks of danger in drug investigations and because it might be applied to support blanket exceptions to a knock-and-announce rule for other kinds of criminal activity." (Citations and footnotes omitted.) *Poole*, supra at 116 (1). We adopted the particular standard set out by the Supreme Court: "[I]n order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." (Citation and footnote omitted.) Id. "While the reasonableness standard for a forceful entry is not high," the testimony must "establish reasonable grounds to believe that, *in this case*, forewarning would have either greatly increased the officers' peril or led to the immediate destruction of the evidence." (Citations, punctuation and footnotes omitted.) Id. at 118.

The State attempts to distinguish *Poole* on the basis that a "no-knock" warrant was not issued in that case, but *Poole* relies heavily upon cases in which "no-knock" provisions were issued improperly. Id. at 118, n. 20. And the test for "exigent circumstances" is the same regardless of whether those circumstances are used to justify issuance of a "no-knock" warrant or to justify entry at the time of execution. See *State v. Smith*, 219 Ga. App. 905, 906 (467 SE2d 221) (1996), cited in *Poole*, supra, 266 Ga. App. at 115, nn. 3, 5, 6, 7.

In *Cox v. State*, 160 Ga. App. 199 (286 SE2d 482) (1981), a no-knock warrant was upheld on a Georgia Bureau of Investigation agent's testimony, based on his general knowledge and experience, that gambling materials were usually kept "on flash or water soluble paper which can be quickly and easily destroyed in the event of a police raid." Id. at 200 (2). But our decision in *Cox* predates the *Richards* decision relied upon by *Poole*.

"Where a search warrant is illegally executed, the subsequent course of events is tainted." (Citations and footnote omitted.) *Poole*, supra, 266 Ga. App. at 114-115 (1); see also *Smith*, supra, 219 Ga. App. at 906. We have held in the past that good faith reliance on a defective warrant may not require the suppression of evidence. See, e.g., *Debey v. State*, 192 Ga. App. 512 (385 SE2d 694) (1989). But, as the State acknowledges, the Georgia Supreme Court has overruled *Debey* and similar cases, holding that Georgia does not recognize a good faith exception to the exclusionary rule. *Gary v. State*, 262 Ga. 573, n. 1 (422 SE2d 426) (1992).

A similar affidavit obviously would be inadequate in a case involving contraband less easily disposed of or concealed than cocaine — for example large quantities of marijuana or bulky stolen goods.

And, as the police officer noted in his testimony, "it is a common everyday occurrence that we do search warrants where it gets flushed or . . . eaten on us before we get in the house." But the law requires something more than a general knowledge of the usual or expected course of events in cocaine cases — some facts supporting the conclusion "that circumstances *of this case* made it essential for the officers to reach the threshold . . . undetected." *Poole*, supra, 266 Ga. App. at 118. To pose a hypothetical example, the "no-knock" provision could have been supported by information that Williams at the time of his earlier arrest had made an attempt to conceal or dispose of the cocaine, or that he "had packaged or located the drugs . . . for quick disposal." Id. The warrant failed to contain facts specific to this case indicating a risk of peril to officers or of destruction of the evidence. In the absence of such information, the trial court did not err in granting the motion to suppress.

The State argues that the motion to suppress should have been denied even if the no-knock provision rendered the warrant invalid, relying on the "inevitable discovery rule." See *Taylor v. State*, 274 Ga. 269, 274 (3) (553 SE2d 598) (2001). But the State did not raise this argument below. "We may not consider arguments which differ from those asserted in the trial court. [Cit.]" *Green v. State*, 223 Ga. App. 467, 469 (2) (477 SE2d 895) (1996).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED SEPTEMBER 27, 2005.

Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney, for appellant.

Cox & Byington, Christopher P. Twyman, for appellee.