A11A1755. THE STATE v. BARNETT et al.
(722 SE2d 865)

BOGGS, Judge.

The State appeals from the trial court's grant of the motion to suppress filed by defendants Jack Barnett, Jamie B. Chaves, and C. Lauriston McLeod.[1] Because the trial court correctly concluded that the "no-knock" provision in the search warrant was unsupported by particular facts and circumstances justifying the need for its use and that no exigent circumstances were shown, we affirm.

On August 19, 2010, a narcotics agent for the Fayette County sheriff's office obtained a "no-knock" warrant to search a house in Fayetteville, Georgia. In the affidavit in support of the warrant, he stated that on August 19, 2010, he searched the trash receptacle on the curb in front of the residence and found marijuana, "blunt" wrappers, and rolling papers containing marijuana residue. A records check performed by the agent indicated that McLeod and Chaves lived there. In support of the "no-knock" provision of the warrant, the agent stated:

> It has been the experience of this affiant that subjects package there [sic] illegal narcotics in ways to be easily destroyed. It has also been the experience of this affiant that subjects often possess weapons to protect there [sic] illegal narcotics. To save the illegal narcotics from being destroyed and for the safety of the officers involved the affiant would ask for a No-Knock Provision to be added to the search warrant. Based on investigation and background information from the affiant, a search warrant is requested for the above address.

At the hearing on the motion to suppress, the agent acknowledged that this was "like a boilerplate," but that another part of the affidavit included information regarding a firearm. This portion of the affidavit stated that five months earlier, on March 17, 2010, the agent obtained information from a sheriff's deputy who had spoken to a school system social worker who had visited the residence to check on the welfare of the children. The social worker told the

---

[1] Barnett, who appeared pro se below, joined his co-defendants' motion at the hearing.

deputy that she observed a black male with dreadlocks, whom she believed to be McLeod, with a gun in his jacket. The narcotics agent acknowledged that during surveillance of the residence between March and August, he did not discover or observe any firearms. His investigation did not reveal any weapons permits issued to the occupants of the house. He also acknowledged that he had not met the social worker, although he spoke with her on the telephone, and he stated that she was "not reliable to me."

The no-knock warrant was executed on August 25, 2010, and marijuana was found on the premises. The return on the warrant does not show that any firearm was discovered. Appellees were charged with misdemeanor possession of less than one ounce of marijuana. The trial court granted appellees' motion to suppress, finding that the presence of illegal drugs alone was insufficient to support a no-knock provision, that the information regarding a firearm was stale, and that no exigent circumstances justified a no-knock search. From this order, the State appeals. See OCGA § 5-7-1 (a) (4).

> On appeal, the trial court's findings as to disputed facts will be upheld unless clearly erroneous. However, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations and punctuation omitted.) *State v. Woods*, 280 Ga. 758 (632 SE2d 654) (2006).

> Generally, police must make a good faith attempt to verbally announce their authority and purpose before entering a building to execute a search warrant. However, a warrant can authorize a "no-knock" entry where police seeking the warrant demonstrate a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.

(Citations, punctuation and footnotes omitted.) *Jackson v. State*, 280 Ga. App. 716, 717-718 (1) (634 SE2d 846) (2006).

But a no-knock provision is permissible only when based on a neutral evaluation of each case's particular facts and circumstances, not on blanket provisions based on generalized experience. Id. at 718 (1). The fact that the warrant is issued in a felony drug investigation,

standing alone, is insufficient to support a no-knock provision. Id. And an affidavit based on the general ease of destruction of drug evidence and an officer's prior experience is insufficient to support a no-knock provision. *State v. Williams*, 275 Ga. App. 612, 614-615 (621 SE2d 581) (2005). An invalid no-knock provision will render the execution of the warrant illegal and support the trial court's grant of a motion to suppress. Id. at 614.

The staleness of specific evidence supplied is a factor to be considered by the trial court; the exact date is not the focus of the inquiry, but rather whether factual statements in the affidavit are sufficient to create a reasonable belief that the information offered in the affidavit will be present at the time the warrant is executed. *Crow v. State*, 267 Ga. App. 188, 189-190 (1) (598 SE2d 824) (2004) (three-month-old information regarding "continual, large-scale [marijuana farming] operation" not stale in view of size of operation and corroboration by discovery, within four days of warrant, of several marijuana plants growing in recently harvested field).

Here, the affidavit supported the request for a no-knock warrant with "boilerplate" language based on the agent's general experience that drug evidence was likely to be destroyed and that drug suspects often possess weapons. While the affidavit stated elsewhere that a firearm was observed by a school social worker at the residence, that information was received over five months earlier. In addition, the agent acknowledged that he had the residence under surveillance from March until August 2010, but no firearm was observed during that time. He also acknowledged that his investigation and surveillance uncovered no evidence that any occupant of the residence possessed a firearm. The agent did not know the social worker and expressly stated, "She's not reliable to me." And the recent discovery of marijuana residue in a trash bin did not corroborate or reinforce the tip regarding the presence of a firearm.

Under these circumstances, we agree with the trial court that a single report of the presence of a firearm over five months before the warrant issued, uncorroborated despite continued surveillance and investigation during that time, was stale. Compare *Amica v. State*, 307 Ga. App. 276, 278 (1) (a) (704 SE2d 831) (2010), in which an accomplice to an armed robbery and burglary described in detail the appellant's clothing, boots, pistol, and proceeds used or obtained in a robbery and the burglary of a business. The accomplice also disclosed that the appellant had been following the business owner in order to rob him again within the last four to six weeks. Although the robbery and burglary occurred nine months before the affidavit in support of the warrant, the totality of the circumstances, including an apparent ongoing scheme, as well as our due deference to the magistrate's finding of probable cause, supported the trial court's denial of the

motion to suppress. Id. And in *Hale v. State*, 220 Ga. App. 667, 669-670 (2) (c) (469 SE2d 871) (1996), we found that the repeated use of a missing person's credit card beginning eight months before the search warrant was issued constituted "an ongoing pattern, rather than an isolated incident" and was not stale information, particularly when the police used the pattern of card usage over several months to discover the identity of the person using the card.

The State cites *Adams v. State*, 201 Ga. App. 12, 14 (3) (410 SE2d 139) (1991), apparently arguing that exigent circumstances (such as the discovery of a dangerous dog on the premises in *Adams*), justified a no-knock entry. But no evidence was presented at the hearing of any exigent circumstances; in fact, the witnesses did not testify at all regarding the execution of the warrant. And in *State v. Ballew*, 290 Ga. App. 751, 754 (2) (660 SE2d 732) (2008), cited by the State, we expressly declined to address the issue of a flawed no-knock warrant because the entry was lawful on the alternative basis of the knock-and-announce provisions of OCGA § 17-5-27. The record in this case, however, does not show that the officers knocked and announced their presence.[2]

For these reasons, the trial court's grant of appellees' motion to suppress was not clearly erroneous, and we therefore affirm the judgment of the trial court.

*Judgment affirmed. Mikell, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 7, 2012.

*Jamie K. Inagawa, Solicitor-General, Joseph B. Myers, Jr., Assistant Solicitor-General*, for appellant.

*Marcus G. Howell, Sr., Rebekah S. Betsill, Walker L. Chandler*, for appellees.

---

[2] Appellee Chaves argues that no-knock entries risk being mistaken for home invasion robberies and may end in tragedy for innocent homeowners. See, e.g., *Tesler v. State*, 295 Ga. App. 569 (672 SE2d 522) (2009) (physical precedent only). We note only that the presence of children in the home, a fact known to the police, renders an unsupported no-knock entry even less advisable.