**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 21, 2012

# In the Court of Appeals of Georgia

A12A0404. THE STATE v. CASH.

MILLER, Judge.

The State appeals from the trial court's decision granting the defendant Melissa Sara Cash's motion to suppress evidence seized during the execution of a "no knock" search warrant. The State contends that the trial court erred in finding that the information in the affidavit was insufficient to justify the "no knock" provision. We discern no error and affirm.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to the findings and the judgment. However, the application of the law to undisputed facts is subject to de novo appellate review. In this case, there is no factual dispute. Accordingly, we will conduct a de novo review of the trial court's ruling.

(Punctuation and footnotes omitted.) *Poole v. State*, 266 Ga. App. 113, 113-114 (596 SE2d 420) (2004).

The evidence shows that on January 6, 2010, a narcotics agent with the Fayette County Sheriff's Office applied for and obtained a "no knock" search warrant to search the premises, vehicles, and curtilage of a residence in Peachtree City, Georgia. The affidavit in support of the warrant stated that the agents had received information from an anonymous source that an individual was engaging in illegal drug sales at the residence. The agents launched an investigation. Two days later, the agents received another report from an anonymous source that the individual "appeared to be busy" and that some vehicular traffic was occurring at the residence. Surveillance was established at the residence shortly after receiving the report, but "it met with negative results" and no drug activity was observed. On January 4, 2010, the agents searched the trash receptacle on the curb at the front of the residence and found marijuana. In support of the "no knock" provisions of the warrant, the affidavit averred:

> It has been the experience of this affiant that subjects package the illegal narcotics in ways to be easily destroyed. Based on the affiant's knowledge, training, and experience that persons involved with illegal narcotic activity commonly have in their possession that is on their

2

person, at their residence, firearms and ammunition, including but not limited to handguns, pistols, rifles, shotguns, and other weapons to protect and secure the proceeds from illegal narcotics and the illegal narcotics. The trash pull also revealed that [the drug suspect] is possibly in the military and therefore has knowledge on firearms and [their] use. In order to save the illegal narcotics from being destroyed and for the safety of the officers involved[,] the affiant would ask for a [n]o-[k]nock [p]rovision to be added to the search warrant.

A magistrate issued the search warrant with the "no-knock" provision in accordance with the agent's request. The agents executed the search warrant at the residence without announcing their presence, consistent with the "no-knock" provision. Upon searching the residence, the agents found a small amount of marijuana in the bedroom that belonged to Cash. The return on the warrant does not reflect that any firearm was discovered at the residence.

Cash was charged with misdemeanor possession of marijuana (OCGA §§ 16-13-2 (b), 16-13-30 (j) (1)). She filed a motion to suppress the evidence seized during the search. Cash's motion argued that the averments in the search warrant affidavit were insufficient to justify the "no-knock" provision. Following an evidentiary hearing, the trial court agreed with Cash and entered an order granting her motion to suppress. We likewise agree.

3

Generally, [under OCGA § 17-5-27,] police must make a good faith attempt to verbally announce their authority and purpose before entering a building to execute a search warrant. However, a warrant can authorize a "no-knock" entry where police seeking the warrant demonstrate a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.

But a ["]no-knock["] provision is permissible only when based on a neutral evaluation of each case's particular facts and circumstances, not on blanket provisions based on generalized experience. The fact that the warrant is issued in a felony drug investigation, standing alone, is insufficient to support a "no knock" provision. And an affidavit based on the general ease of destruction of drug evidence and an officer's prior experience is insufficient to support a ["]no-knock["] provision. An invalid ["]no-knock["] provision will render the execution of the warrant illegal and support the trial court's grant of a motion to suppress.

(Citations and punctuation omitted.) *State v. Barnett*, __ Ga. App. __, * 3-5 (Case No. A11A1755, decided Feb. 7, 2012). See also *Richards v. Wisconsin*, 520 U. S. 385, 393-394 (II) (117 SC 1416, 137 LE2d 615) (1997) (holding that the Fourth Amendment does not permit a blanket exception for felony drug investigations to the

knock-and-announce requirement; rather, in each case, the court must determine whether the particular facts and circumstances justified a "no-knock" entry).

The affidavit and evidence presented in this case are remarkably similar to that presented in our recent decision in *Barnett*, supra, __ Ga. App. at * 1-6, where we held that the blanket provisions based on the agent's generalized experience in drug investigations were insufficient to justify a "no-knock" provision in a search warrant. Here, as in *Barnett*, the affidavit requested a "no-knock" search warrant based upon the agent's general experience that drug evidence can be easily destroyed and that drug suspects commonly possess firearms. See *Barnett*, supra, __ Ga. App. at * 5. While the affidavit stated that the drug suspect had been in the military and likely had "knowledge" regarding firearms, there was no indication that the drug suspect or any occupant of the residence possessed a firearm. The affidavit also failed to set forth any information indicating that the drug suspect had packaged or located the drugs in the residence for quick disposal. In sum, the affidavit and evidence in this case failed to present any particular facts and circumstances justifying a "no-knock" provision, and instead, was based entirely upon generalizations. Consequently, the "no-knock" provision was invalid, which rendered the execution of the warrant without knocking and announcing illegal and supported the trial court's decision

5

granting the motion to suppress.[1] See *Barnett*, supra, __ Ga. App. at * 5; *Poole*, supra, 266 Ga. App. at 114-119 (1).

The State's reliance upon *Felix v. State*, 241 Ga. App. 323, 326 (4) (526 SE2d 637) (1999), for the proposition that firearms are tools of the drug trade is unavailing. As an initial matter, the affiant in *Felix* did not request a "no-knock" provision in the search warrant, and the officers had knocked and announced their presence before entering the residence to execute the search warrant. Id. at 325-326 (4). Moreover, as stated above, binding precedent rejects the premise that "no-knock" provisions can be exclusively based upon generalizations regarding felony drug investigations. See *Richards*, supra, 520 U. S. at 393-394 (II). But even considering the general legal proposition, the evidence in this case did not give rise to a reasonable belief that the drug suspect had been engaged in the felony drug trade. Although the averments in the affidavit were sufficient to indicate that the drug suspect was involved in personal drug use, they were insufficient to indicate that the drug suspect had been selling, distributing, or trafficking drugs. See, e.g., *Clark v. State*, 245 Ga. App. 267, 268-269 (537 SE2d 742) (2000) (recognizing the distinction between possession of marijuana

---

[1] We further note that the State neither asserts nor points to evidence of any exigent circumstances justifying a "no-knock" entry.

for personal use and possession with intent to distribute, and concluding that the evidence was insufficient to show drug sales or distribution when the State produced no evidence that the defendant had scales, guns, cash, drug packaging materials, a large quantity of marijuana, or had conducted prior drug sales). Significantly, there had been no corroboration of the anonymous source's tip that drug sales were occurring at the residence. The affidavit failed to provide any information regarding the reliability of the anonymous source, and indeed, the agents failed to obtain any evidence that the drug suspect had conducted drug sales during their investigation and surveillance of the residence. More importantly, there was no report that a weapon was present in the residence. Cf. *Hunter v. State*, 198 Ga. App. 41, 44 (2) (400 SE2d 641) (1990) ("no-knock" provision in search warrant was authorized where the informant had indicated that automatic weapons were present in the house). Consequently, the information conveyed in this case failed to present a reasonable ground to authorize the "no-knock" provision, and the motion to suppress was properly granted.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*