**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 16, 2013**

# In the Court of Appeals of Georgia

A13A1106. BRAUN v. STATE.

BARNES, Presiding Judge.

Alan Braun appeals the denial of his motion to suppress and his motion for a new trial. Officers discovered methamphetamine in his home during the execution of a "no-knock" search warrant. Braun contends that his motion to suppress should have been granted because the "no-knock" provision was not justified and the affidavit did not provide probable cause for searching both residences on the property. He also maintains that he should have been granted a new trial because of the erroneous denial of his motion to suppress. We disagree and affirm.

The facts of this case are undisputed. A special agent with the Fayette County Sheriff's Department began investigating Braun after receiving a tip from Crime Stoppers Atlanta that Braun, who kept rifles and shotguns at his residence, was both selling methamphetamine to middle school students and soliciting them for sex. In

the course of his investigation, the special agent did not observe significant vehicular or foot traffic at Braun's residence, although he could only watch the house for fifteen or twenty minute intervals due to low traffic on the residential street. He noted two residential structures on the property and assumed that Braun lived in the smaller of the two after seeing him leave it. One driveway, mailbox, and trash can served both houses.

About six months after receiving the initial tip, the special agent inspected the contents of the shared trash can after it had been left at the curb. He found methamphetamine residue on a broken glass pipe and on numerous pieces of aluminum foil with burn marks. Based on the agent's experience, drug users commonly smoke methamphetamine by placing the drug on aluminum foil, heating the bottom of the foil, and then inhaling the smoke. The trash also contained mail addressed to Braun and to his father, the registered owner of the property.

The special agent applied for and received a search warrant for both houses with a "no-knock" provision using an affidavit that cited Braun's prior arrests for battery, various drug charges, and possession of a firearm during the commission of a crime, along with the agent's experience that the subjects of such search warrants often possess firearms and package illegal narcotics for easy destruction. Upon

execution of this warrant, agents recovered a digital scale, several pipes, plastic bags containing methamphetamine residue, and methamphetamine from Braun's home.

Braun filed a motion to suppress this evidence, which was denied. Following a stipulated bench trial, the trial court found him guilty of possession of methamphetamine. The trial court subsequently denied his motion for a new trial, and this appeal followed.

1. Braun maintains that the trial court erred in denying his motion to suppress because there was no reasonable basis for the no-knock provision of the search warrant. We are not persuaded.

"In reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to the findings and judgment. However, the application of the law to undisputed facts is subject to de novo appellate review." (Citation omitted.) *State v. Cash*, 316 Ga. App. 324, 325 (728 SE2d 918) (2012). Because there is no factual dispute in this case, we review the trial court's ruling de novo. Id.

> Generally, police must make a good faith attempt to verbally announce their authority and purpose before entering a building to execute a search warrant. However, a warrant can authorize a "no-knock" entry where police seeking the warrant demonstrate a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the

3

effective investigation of the crime by, for example, allowing the destruction of evidence.

(Citation omitted.) *State v. Barnett*, 314 Ga. App. 17, 18 (722 SE2d 865) (2012). Blanket provisions based on the generalized experience of the officer seeking the warrant do not authorize no-knock provisions. Id. An affidavit based on the general ease of destroying drug evidence and the officer's experience is also insufficient, as is the mere fact that the warrant is being issued in a felony drug investigation. Id. at 18-19. The magistrate must perform a neutral evaluation of each case's particular facts and circumstances. Id. at 18.

Nonetheless, "[t]he standard for establishing the reasonable suspicion necessary to justify a no-knock entry, as opposed to the standard for establishing probable cause, is not high." (Citation and punctuation omitted.) *Kimble v. State*, 301 Ga. App. 237, 244 (5) (687 SE2d 242) (2009).

(a) Braun contends that the magistrate should not have considered his arrest record in granting the no-knock provision because he had not been convicted of those crimes.

4

"Our responsibility in reviewing a trial court's ruling on a motion to suppress is to ensure that there was a substantial basis for the decision." *Cook v. State* , 255 Ga. App. 578, 579 (565 SE2d 896) (2002).

> The officer does not have to show specific information that would lead officers to conclude that they *would* be harmed if they announced their authority and purpose; it is sufficient if the information supplied by affidavit and sworn testimony would lead to the reasonable conclusion that the officers *could* be harmed if they announced their authority and purpose.

(Citation and punctuation omitted; emphasis in original.) *Kimble*, 301 Ga. App. at 244-245. Thus, a no-knock provision was appropriate in *Kimble* because the subject of the warrant had a pending weapons charge and prior drug and theft convictions. Id at 245. Likewise, because the subject of the warrant in *Cook* had been convicted of battery and a drug offense, a no-knock provision was reasonable. 255 Ga. App. at 579-580.

The trial court held that the probable cause from Braun's prior arrests for battery and possession of a firearm "carrie[d] over to this case." Because those arrests were supported by probable cause, the officer had "probable cause to suspect that [Braun] was a man of violence with firearms" who might harm officers if they

5

knocked before entering his residence, and the magistrate could thus consider his arrest record. These facts provided a sufficient basis for the trial court's holding that the inclusion of a no-knock provision in the warrant was reasonable under the circumstances, and the court did not err in denying Braun's motion to suppress. *Cook*, 255 Ga. App. at 579-580.

(b) Braun asserts that the Crime Stoppers tip that there were rifles and shotguns in his house was nothing but a rumor because the officers knew nothing about the informants.

Braun is correct that the tip was insufficient to justify the inclusion of a no-knock provision in the search warrant. The information was stale and the tipster's reliability unproven, and the tip supplied no probable cause supporting the inclusion of the no-knock provision or the issuance of the warrant itself. *Eaton v. State*, 210 Ga. App. 273, 274 (1) (435 SE2d 756) (1993). But even without the information about the anonymous tip, the affidavit provided sufficient support for the magistrate's finding of probable cause and inclusion of the no-knock provision under the totality of the circumstances test. See *Powers v. State*, 261 Ga. App. 296, 303 (4) (582 SE2d 237) (2003).

6

2. Braun contends that the search warrant was deficient because the affidavit did not establish sufficient probable cause to search both residences, and thus the trial court erred in denying the motion to suppress.

The Fourth Amendment "requires that the warrant particularly describe the place to be searched." (Citation and punctuation omitted.) *Conrad v. State*, 316 Ga. App. 146, 148 (1) (730 SE2d 7) (2012).

> In determining whether probable cause supports the issuance of a search warrant, the issuing magistrate must evaluate all the circumstances set forth in the affidavit before him or her and make a practical, common-sense decision whether there is a fair probability that evidence of a crime will be found in a particular place.

(Citation and punctuation omitted.) *Carter v. State*, 319 Ga. App. 609, 611 (1) (737 SE2d 714) (2013). "Even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper." (Footnote omitted.) *Conrad*, 316 Ga. App. at 149.

> The test for the sufficiency of a premises description is whether on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty. . . . It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended.

7

(Citation and punctuation omitted.) *State v. Hardin*, 173 Ga. App. 83 (329 SE2d 172) (1985). The warrant described the place to be searched with sufficient particularity by giving the street address, city, county, and state. See *Jackson v. State*, 129 Ga. App. 901 (1) (b) (201 SE2d 816) (1973); *Adams v. State*, 123 Ga. App. 206 (180 SE2d 262) (1971).

Braun attempts to compare the two separate residential structures to any multi-unit structure in which the tenants share a trash can, such as a duplex or apartment complex, but the facts in this case supported issuing a warrant to search both structures. The affidavit submitted with the application for a search warrant stated that the two residential structures shared a single address and that Braun's father owned both. They shared a driveway and mailbox in addition to the trash can, and both Braun's and his father's discarded mail were discovered in the trash along with the indicators of drug activity. The drug remnants and residue found in the Brauns' shared trash provided the magistrate with sufficient evidence that drugs could be found in either residence. See *Carter*, 319 Ga. App. at 611; *Conrad*, 316 Ga. App. at 148-151 (1).

> We conclude that the affidavit provided the magistrate with enough
> information to come to the practical, common-sense conclusion that

8

illicit drugs were being used in and/or sold from the residence located at [a particular address]; that [Braun] was a target of the drug investigation and lived at that location with at least one of his parents; . . . and that there was a fair probability that evidence of drug crimes could be found in either . . . residential structure. Because the application for the search warrant established probable cause to search [both structures], we conclude the trial court properly denied the motion to suppress the evidence.

(Footnote and punctuation omitted.) *Conrad*, 316 Ga. App. at 151 (1) (subject of search warrant lived in a mother-in-law suite inside a single residential structure).

3. Braun argues that the trial court should have granted his motion for a new trial because the court improperly denied his motion to suppress.

Based on our findings in Divisions 1 and 2 that the motion to suppress was properly denied, we hold that the trial court correctly denied Braun's motion for a new trial.

*Judgment affirmed. Miller and Ray, JJ., concur.*